# WILLIAM ROMMEL v. JACOB SCHAMBACHER.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILA-
DELPHIA COUNTY.

120  579
159  255

Argued January 13, 1887—Decided October 10, 1887.*

1. Where one enters a saloon or tavern, open for the entertainment of the public, the proprietor is bound to see that he is properly protected from the assaults or insults of drunken or vicious men whom he may harbor.
2. The plaintiff entered the defendant's saloon, and there became intoxicated. While in this condition and in full view of the defendant, an intoxicated companion attached a piece of burning paper to the plaintiff's clothes, resulting in severe injuries to the plaintiff's person: *Held*, that the defendant was liable in damages.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.; CLARK J., absent.

No. 142 July Term 1886, Sup. Ct.; court below, No. 132 December Term 1884, C. P. No. 4.

On November 24, 1884, a summons in case issued in an action by William Rommel against Jacob Schambacher. The narr, as originally filed, charged a liability of the defendant arising out of the duties he owed, as an inn- or tavern-keeper, to the plaintiff while his guest. Additional counts were subsequently filed, by leave of court, charging defendant's liability under § 3, act of May 8, 1854, P. L. 663, relating to the civil responsibility of an inn- or tavern-keeper for injuries to person or property in consequence of the furnishing of intoxicating drinks in violation of any existing law. The plea was not guilty.

At the trial on May 12, 1886, the facts appearing from the testimony on the part of the plaintiff were in substance the following:

On August 9, 1884, the plaintiff, who was about twenty years of age, went into a saloon kept by the defendant, about

---

*That the reporter was but lately directed to report this case, accounts for the position it occupies.

8 or 9 o'clock in the evening, and there became intoxicated upon liquor sold to him by the defendant. There were several others in the saloon, including Edward Flanagan and Paul Burgert, who also drank so as to become intoxicated. While the plaintiff was standing in front of the bar, the defendant behind it, talking with and looking at him, Burgert handed to Flanagan a pin and a piece of paper which Flanagan attached to the plaintiff's clothes and some one set the paper on fire. The plaintiff's clothes ignited, when he ran into the kitchen, followed by Flanagan who there extinguished the flames. The plaintiff was severely burned on the back and side from which it was claimed a permanent injury resulted.

At the close of the plaintiff's case, the court, WILLSON, J., on motion of defendant's counsel and after argument, directed the entry of a compulsory nonsuit. Subsequently, a motion to take off the nonsuit was argued before the court in banc, THAYER, P. J., and WILLSON J., present, and refused. Thereupon the plaintiff took this writ, assigning as errors the entry of the judgment of compulsory nonsuit and the refusal of the motion to vacate the judgment.

*Mr. Henry D. Wireman*, for the plaintiff in error:

1. The fact that the defendant, as proprietor, was present before and at the time the plaintiff was set on fire, aiding and abetting the commission of the act, made him liable, as a principal in the second degree, in damages to the plaintiff for the injuries received: Bouvier, L. D., 460; 1 Archb. Cr. Law 66–67. Whether the defendant was or was not aiding and abetting, was a question of pure fact for the jury: Prutzman v. Bushong, 83 Pa. 526; Maynes v. Atwater, 88 Pa. 496.

2. Inn-keepers and tavern-keepers are synonymous in Pennsylvania: Houser v. Tully, 62 Pa. 94. One coming for temporary refreshment is a guest: McDonald v. Edgerton, 5 Barb. 510; Clute v. Wiggins, 14 Johns. 176; 2 Kent's Com. 293. An inn-keeper is responsible to a guest for the acts of his servants and other guests, and is bound to exercise an exact viglance over all persons coming into his house as guests or otherwise: Houser v. Tully, 62 Pa. 94; Walsh v. Porterfield, 87 Pa. 376; Mason v. Thompson, 9 Pick. 280; Sibley v. Aldrich, 33 N. H. 553; Shaw v. Berry, 31 Me. 229; Cundy v. Lecocq, 23 Amer. L. Reg. 768.

3. Whether or not the defendant saw what was transpiring in front of him, was a question for the jury and there was ample evidence to justify a finding against him: Murphy v. Crossan, 98 Pa. 495, Tice v. Hun, 94 N. Y. 621; Lak v. Milliken, 62 Me. 240; Fairbanks v. Kerr, 70 Pa. 86. The analogy afforded by the law as to the duties of passenger carriers is pertinent: P. & C. R. Co. v. Pillow, 76 Pa. 510. And see Henry v. Dennis, 93 Ind. 452.

4. The defendant not only sold intoxicating drinks to plaintiff, when he was a minor, but when he was intoxicated also, in violation of the act of May, 1854. For the consequences of this unlawful act, he is clearly liable in damages to the party injured: Fink v. Garman, 40 Pa. 95.

*Mr. Charles H. Downing*, for the defendant in error:

The defendant in error is not responsible for the consequences of practical jokes played without his knowledge on a guest, if the plaintiff in error could be considered a guest. The first section of act of May 8, 1854, cited in plaintiff's paper book, does not apply to this case, as the remedy should have been by a prosecution under said act, not an action for damages. Fink v. Garman, 40 Pa. 95, was a suit brought by a widow for damages for the loss of her husband, and has no application to the case under consideration. There being no evidence produced to show knowledge on the part of the defendant, the court below was therefore right in entering a nonsuit.

OPINION, MR. CHIEF JUSTICE GORDON:

From the evidence in this case we gather the following facts: on the evening of the 9th of August, 1884, the plaintiff, William Rommel, a minor, entered the tavern of the defendant, Jacob Schambacher, and there found one Edward Flanagan: they both became intoxicated on liquor furnished them by Schambacher. Whilst the plaintiff was standing on the outside of the bar, engaged in conversation with the defendant, who was in the inside thereof, Flanagan pinned a piece of paper to Rommel's back and set it on fire. The consequence was that Rommel's clothes were soon in flames, and before they could be extinguished he was very badly injured. He brought the present suit to recover damages from the defendant for the injury thus sustained. The court below adjudged

the facts as stated above to be insufficient to sustain the plaintiff's case, and directed a nonsuit. In this we think it made a mistake.

There is no doubt that the defendant, from the position he occupied, had a full view of the room outside of the bar, and did see, or might have seen, all that was going on in it. If, in fact, he did see Flanagan setting fire to the plaintiff, and did not interfere to protect his guest from so flagrant an outrage, his responsibility for the consequences is undoubted. If, on the other hand, he was guilty of making Flanagan drunk, or if he came there drunk, and Schambacher knew that fact, he was bound to see that he did no injury to his customers. All this is a plain matter of common law and good sense, and does not depend on the act of 1854, or any other statute. Where one enters a saloon or tavern, opened for the entertainment of the public, the proprietor is bound to see that he is properly protected from the assaults or insults, as well of those who are in his employ, as of the drunken and vicious men whom he may choose to harbor.

To illustrate the principle here stated we need go no farther than the case of the Pittsburgh & Connelsville R. Co. v. Pillow, 76 Pa. 510. In the case cited, a drunken row occurred on board one of the defendant's cars, and during the quarrel a bottle was broken, and a piece of the glass struck the plaintiff, a peaceable passenger, in the eye and put it out; held, that the company was responsible for the injury thus done. In the opinion of this court the following language was used: " The plaintiff lost his eye through the quarrel of a couple of drunken men, who should not have been permitted aboard the cars, or, if so permitted, should have been so guarded or separated from the sober and orderly part of the passengers that no injury could have resulted from their brawls." If, then, a railroad company is liable for the conduct of drunken men who may chance to board its cars, much more the tavern-keeper who not only permits drunken men about his premises, but furnishes liquor to make them drunk, and who is thus instrumental in fitting them for the accomplishment of just such an insane and brutal trick as that disclosed by the evidence of the case in hand.

The judgment of the court below is now reversed and a new venire ordered.