[L. A. No. 1099. In Bank.—April 2, 1904.]

## G. RAHMEL, Respondent, v. H. A. LEHNDORFF, Appellant.

APPEAL—ORDER AFTER JUDGMENT—DENIAL OF MOTION FOR DIFFERENT JUDGMENT—EXCEPTION—REVIEW.—An order after judgment denying a motion for a different judgment upon the findings is appealable, and must be deemed excepted to; but it is immaterial whether such order be reviewed, since this court, upon appeal from the judgment, may order a different judgment to be entered upon the findings, if the facts found and admitted justify such order.

ASSAULT AND BATTERY BY WAITER—LIABILITY OF INNKEEPER.—An innkeeper is not liable for an assault and battery committed by a dining-room waiter upon a guest, outside of the scope of his employment, without personal fault of the innkeeper. He is not bound to protect his guests from acts of violence by his servant, or other persons, if he does not negligently employ, admit, or retain persons of known violent and disorderly propensities, who will probably assault or maltreat his guests.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a motion for a
different judgment upon the findings. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Charles H. Mattingly, for Appellant.

The innkeeper was not responsible for the malicious act of
the waiter outside the scope of his employment. (*Stephenson*
v. *Southern Pacific Co.*, 93 Cal. 558;[1] *Little Miami R. R. Co.*
v. *Wetmore*, 19 Ohio St. 110.[2]) An innkeeper is not an in-
surer of a guest against injury, but is merely bound to exer-
cise reasonable care that there be no injury through his
neglect. (*Weeks* v. *McNulty*, 101 Tenn. 495;[3] 11 Am. &
Eng. Ency. of Law, p. 32.)

George L. Keefer and Warren E. Lloyd, for Respondent.

The appeal from the order cannot be considered, because
not excepted to. (*Brown* v. *Delevau*, 63 Cal. 303.) The inn-
keeper was responsible for the acts of his servant. (*Rommel*
v. *Schambacher*, 120 Pa. St. 579;[4] *Pinkerton* v. *Woodward*,
33 Cal. 597;[5] *Turner* v. *North Beach etc. R. R.*, 34 Cal. 600;
*White* v. *Norfolk etc. R. R. Co.*, 115 N. C. 631;[6] *Eads* v. *Metro-
politan St. Ry. Co.*, 43 Mo. App. 536.)

BEATTY, C. J.—This is an action by a guest against an
innkeeper, to recover damages for an assault and battery by
a servant of defendant. The cause was tried in the superior
court without a jury, and plaintiff had judgment. Defend-
ant appeals from the judgment and from a subsequent order
denying his motion for the entry of a different judgment on
the findings.

Respondent objects to any consideration of the appeal from
the order upon the ground that it was not excepted to. But,
if it is an appealable order it is deemed excepted to (Code
Civ. Proc., sec. 647), and since it is a special order made
after final judgment, it is appealable. (Code Civ. Proc., sec.
963.) It is, however, of no consequence whether the order is

---

[1] 27 Am. St. Rep. 223.
[2] 2 Am. Rep. 373.
[3] 70 Am. St. Rep. 693.

[4] 6 Am. St. Rep. 733, and note.
[5] 91 Am. Dec. 657.
[6] 44 Am. St. Rep. 489.

reviewable or not, for the appeal from the judgment presents the same questions on the same record (the judgment-roll), and we could on that appeal, if the facts found and admitted justified such an order, not only reverse the judgment, but remand the cause with directions to the superior court to enter judgment for the defendant. (*Warder* v. *Enslen*, 73 Cal. 291.)

The facts found and admitted are few and simple: The plaintiff was a guest in the defendant's hotel, and while seated at the dinner-table was assaulted and beaten by a dining-room waiter; damage two hundred dollars. The question is whether, upon these facts, the defendant was liable for compensatory damages.

The respondent's contention is, that he was so liable upon either of two grounds:—

First—Under the general rule that a master is liable for the torts of his servant committed in the course of his employment, and within the real or supposed scope of his duties; and,

Second—Upon the ground that an innkeeper is bound to protect his guests from acts of violence on the part of his servants just as a common carrier is bound to protect his passengers while in transit from molestation by its servants.

We think it clear that the defendant incurred no liability on the first ground.

By the general law of master and servant, the master is not liable for the malicious torts of the servant committed outside the scope of his employment. The wrongful act must be one which the servant is empowered under some circumstances to do. It must be something which his employment contemplated, as, for instance, the ejection of a passenger or intruder from a railroad car. Conductors and brakesmen have authority to eject disorderly passengers, or persons who refuse to pay their fare, and it is left to their discretion when such authority shall be exercised. In a proper case they may eject a passenger without incurring any liability themselves or imposing any liability upon their employer, but if they eject him wrongfully and maliciously the carrier is liable upon the general ground that the act is one which if lawfully done could be done in the employer's name, and justified by his authorization. The law on this point is very clearly

stated in Cooley on Torts (star pages 535 et seq.), and in none of the decisions of this court has a stricter rule been enforced than as above stated. Under that rule, the defendant cannot be held liable, because there is no finding and no reason to presume that defendant ever authorized his servants to assault his guests, or any other person, under any circumstances.

Neither do we think he was liable on the second ground. The law seems to be pretty well settled that a common carrier of passengers, whether a shipowner or a railway company, owes to a passenger while in transit the duty of protection, absolute as against its servants in charge of ship or train, and equally as against fellow-passengers when on account of intoxication or acts of violence they should not have been admitted, or when they have been allowed to remain after such misbehavior as justifies their expulsion.

But the industry of counsel and our own researches have not resulted in the discovery of more than a single case in which this rule of liability has been extended to innkeepers. In *Rommel* v. *Schambacher*, 120 Pa. St. 579, decided in 1887 by the court of common pleas of Philadelphia, it was said to be a plain matter of common law that "Where one enters a saloon or tavern open for the entertainment of the public the proprietor is bound to see that he is properly protected from assaults or insults, as well of those who are in his employ as of the drunken and vicious men whom he may choose to harbor." To sustain this conclusion but one case was cited in the opinion of the court, and that a case of carrier and passengers. So that in fact there was a complete begging of the question presented here—viz., whether there is a rule as to protection of guests of an innkeeper equally stringent with the rule affecting common carriers. The fact that no case was then cited or can now be found in which an English or American court has sustained the conclusion stated in the Philadelphia case warrants more than a doubt of the correctness of that conclusion. But in truth the language above quoted, when construed and qualified by reference to the facts of the case, does not mean all that it seems broadly to assert. The facts of that case were, that the defendant, the proprietor of a saloon, had himself supplied two or three young men with drinks at his bar by which they were made

intoxicated. While in that condition one of them, in plain view of the defendant, pinned a paper to the clothes of another (the plaintiff) and set fire to it. The fire was communicated to plaintiff's clothes and he was severely burned. The gist of the decision holding the defendant liable for the injury is contained in these words at the close of the opinion: "If, then, a railroad company is liable for the conduct of drunken men who may chance to board its cars, much more the tavernkeeper who not only permits drunken men about his premises, but furnishes liquor to make them drunk, and who is instrumental in fitting them for the accomplishment of just such an insane and brutal trick as that disclosed by the evidence of the case in hand." This, considering the facts, is in reality the whole of the decision. The proprietor was held liable for a tort in which he was personally a participant, and what else was said, so far as it may seem to apply to a malicious assault by a servant, wholly unauthorized and unobserved by the master, may be regarded as *dictum*. An innkeeper is no doubt guilty of negligence if he admits to his hotel or permits to remain there, whether as guest or servant, a person of known violent and disorderly propensities who will probably assault or otherwise maltreat his guests, and for the consequence of such negligence he may be liable in damages. But the plain ground of his liability in such case would be his negligence in harboring persons dangerous to the peace and comfort of those for whose comfort he is bound to provide. And if, as in the Philadelphia case, he stands by while a guest is exposed to the violence of a person who has been made dangerous by his fault, and sees an injury inflicted without any effort to prevent it, he may be regarded as *particeps criminis*. This case, however, presents no such features; there is neither allegation nor finding that the defendant was negligent in employing or retaining the waiter who committed the assault. So that there is no ground upon which this judgment can be sustained, unless we are prepared to hold that to the same extent that a common carrier is an insurer of his passengers an innkeeper is an insurer of his guests against the torts of his servants. We cannot discover any safe ground for such a conclusion. No statute of California imposes such a rule, and no evidence is to be found in the reports of decided cases that such was the rule at common law.

Indeed it was said in Calye's case, decided in the King's Bench in 26 Elizabeth (Coke, part VIII, *33), that "if the guest be beaten in the inn, the innkeeper shall not answer for it"— he being liable as such only for damages to the guest's goods and chattels. Since that time no other rule seems to have existed in England or in this country, unless the Philadelphia case is an instance to the contrary. We do not regard it as a case strictly in point, but one resting upon grounds peculiar to itself and sufficient to sustain the conclusion of the court without reference to the proposition to which it has been cited here.

The judgment and order of the superior court are reversed.

Angellotti, J., Lorigan, J., McFarland, J., and Henshaw, J., concurred.