## Ledington et al. v. Williams.

(Decided Feb. 1, 1935.)

600

J. B. JOHNSON, HIRAM H. OWENS and R. C. BROWNING for appellants.

POPE & UPTON, R. S. ROSE and J. B. CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment of the Whitley circuit court, rendered against the Ledington Hotel Company et al. for $1,000, awarded as damages for personal injuries received by plaintiff in an assault upon him made by its negro porter.

The facts as disclosed by the record are briefly stated as follows: On the evening of November 8, 1932, the appellee, Foster Williams, plaintiff below and hereinafter referred to as plaintiff, drove with his friend, R. T. Hembree, from his home in Barbourville to Corbin, where about 8 o'clock he went to the Ledington Hotel and paid and registered for a night's lodging. Later in the evening, while in his room, he states that, "I was attracted by a racket out in the hallway of the hotel, near my room. I went to the door and saw the colored porter and a man in a fuss. About this time Hembree came up to my room and inquired if I was going to stay all night or return (home) with him. I told him, 'Let's get down out of here before this damn negro kills somebody'," when the negro, overhearing his remark, "immediately turned to me and cut me with a knife" on the neck, shoulders, back, and wrist. He states that he, being unarmed, then ran down the steps to the street; that he was bleeding freely from his wounds; and that he went to the Edwards Hospital, where Dr. Terrell dressed his wounds.

In this account of the negro porter's assault made upon him, he is corroborated by his friend, Hembree, who testifies that he, after leaving his friend at the hotel and going out, later went back to his room to ask him if he wanted to drive home with him that night; that upon his reaching the room he found another man and this negro porter standing there about to fight and met his friend at the door, leaving his room; that he asked him if he was going home, when he replied, "Yes, that he was going before this damn negro kills some-

body up here and * * * then the negro made a dash at Foster with a razor," badly cutting and wounding him.

Williams and Hembree both testify that Williams was not then nor had he been drinking upon this occasion. In this he is corroborated by the policeman, Bishop, whom he met and talked to on the street after running away from the assault at the hotel, by Dr. Terrell, who dressed his wounds at the hospital, and by the witness McDonald, the car driver who had brought him to Corbin.

On the other hand, the uncontradicted evidence is that the negro porter was at the time of assaulting plaintiff drunk and in a quarrelsome, fighting mood.

For the assault and injuries thus received while a guest at the hotel, at the hands of its drunken porter, the plaintiff filed an action seeking recovery of damages therefor, wherein he in substance alleged the facts summarized above, that he had registered upon the occasion in evidence with the appellant, Grant Ledington, at the Ledington Hotel, where, without provocation, he had been maliciously assaulted by the hotel's drunken negro porter and so severely and painfully cut and wounded as to result in his permanent injury and disfigurement, for which he asked damages in the sum of $12,500.

The petition further alleged and charged that the colored employee who assaulted him was an unfit person to perform said services in a public hotel, in that he was accustomed to drink and to become intoxicated, and which facts were known to the defendants prior to his injuries received in the malicious assault.

Defendants answered, denying the allegations of the petition or that they were, at the time of plaintiff's injuries complained of, proprietors of or in the control and management of the hotel, or that the negro hotel porter was their servant, and affirmatively pleaded that plaintiff had come to the hotel on this occasion in a drunken condition, when he and his comrades had raised much disturbance at the hotel, for which the colored porter had gone to his room to quiet them, when they attempted to beat and injure the porter, until he was compelled in his self-defense to repel their assault; that neither of the defendants, Grant Ledington nor his wife, Nila Ledington, were parties to any of the trouble;

and that plaintiff contributed "through his gross and negligent acts to his own injury by said conduct."

Plaintiff, by reply, denied contributory negligence, and, upon submission of the cause upon the pleadings and proof and under the instructions of the court, a verdict was returned finding against the defendants and for the plaintiff in the sum of $1,000, upon which judgment was accordingly rendered.

Criticising the propriety of this judgment, defendants have appealed, first and mainly insisting that they were prejudiced by the instructions offered by plaintiff's counsel and given by the court. Instruction No. 1 of those given, of which they mainly complain and to which timely exceptions were saved, is as follows:

"If you believe from the evidence in this case that Ledington Hotel mentioned and described in the evidence was either operated, managed or controlled by the defendants, Grant Ledington and Nila Ledington, or either of them, or so held out by them or either and that the negro porter mentioned and described in the evidence cut, stabbed or wounded the plaintiff, Foster Williams, from which he suffered physical pain and mental anguish and if you further believe from the evidence that at the time he did so, he was acting in self-defense either real or to himself reasonably apparent and that the plaintiff has suffered as a direct and proximate result thereof physical and mental injuries or either of them, by reason of the plaintiff's being cut, stabbed and wounded, then you will find for the plaintiff. Unless you so believe you will find for the defendant or defendants."

It is contended by appellants that this instruction is erroneous and not in harmony with the proper rule measuring the innkeeper's liability for the negligent acts of his servant in wantonly assaulting a guest, in that it makes the appellants' liability to respond in damages for the assault depend only upon the jury's believing from the evidence that the appellants were at the time in charge and control of the hotel, "or so holding themselves out," where plaintiff was at the time a guest and that the negro porter should have assaulted him when not acting in his self-defense.

The rule as thus announced would impose upon ap-

pellants, upon the mere basis of the implied contract existing between an innkeeper and his guest, or by reason of the status alone of such relationship, the liability of insurers for the safety and comfort of their guest, without any limitation thereon whatsoever. While the cases we have found which consider the liability of an innkeeper for an injury by his servant to his guest are relatively few, and without any of this court directly in point, the prevailing rule supported by the decided weight of authority appears to be that an innkeeper does not owe the same duty or exercise of the highest degree of care to his guest as a common carrier owes to his passenger, with respect to his liability for the acts of the servant or others on the premises, but rather only for the exercise of ordinary care for his guest's safety. Under such rule, the general test of the innkeeper's liability for a willful or malicious act of his employee, causing injury to a guest, is whether or not, at the time the act was done, the servant was acting in pursuance of his duties as such employee and in behalf of his employer, or was acting for himself from motives or for a purpose with which his duties as an employee were not related, or that the master had failed to exercise ordinary care for his guest's safety or had with knowledge of servant's bad and quarrelsome character employed or afterwards retained him as an employee. 14 R. C. L., sec. 13, page 507; Clancy v. Barker (C. C. A.) 131 F. 161, 69 L. R. A. 653; Duckworth v. Appostalis (D. C.) 208 F. 936; Rahmel v. Lehndorff, 142 Cal. 681, 76 P. 659, 65 L. R. A. 88, 100 Am. St. Rep. 154; Moon v. Conley, 9 Ohio App. 16. Compare also, the somewhat similar cases of Catharine DeWolf v. Simeon Ford, 193 N. Y. 397, 86 N. E. 527, 21 L. R. A. (N. S.) 860, 127 Am. St. Rep. 969, and Bruner v. Seelbach Hotel, 133 Ky. 41, 117 S. W. 373, 19 Ann. Cas. 217. However, according to the minority view adopted in some jurisdictions, it is held that the innkeeper is answerable for all the acts of his servant, whether in the discharge of his duties or not, and whether willful or accidental. Under this doctrine, it is immaterial whether the servant at the time of the injury is actively engaged in the discharge of his duty as servant or not, so long as he is a servant of the proprietor and an inmate of the hotel, as otherwise the guest would have no redress for an indignity received at an hotel, so long as it was inflicted by a servant not actively engaged in the dis-

charge of some duty., Clancy v. Barker, 71 Neb. 83, 98 N. W. 440, 103 N. W. 446, 69 L. R. A. 642, 115 Am. St. Rep. 559, 8 Ann. Cas. 682. However, the hotel keeper, it may be conceded, is alike under either rule under obligation to protect his guests from danger, when it is reasonably within his power to do so, and is also under an implied duty and obligation to knowingly select only such employees as are fit and suitable to look after the safety and comfort of his guests and who will not commit acts of violence against them, so far as is reasonably within his power to so choose and employ them.

The plaintiff here alleged in his petition that the appellants had employed and retained in their employment the negro porter with knowledge of his bad habits of becoming intoxicated and quarrelsome, rendering him unfit to serve as a porter.

The appellants contend that the plaintiff having failed to support by proof this allegation that appellants had knowledge of the negro's objectionable habits when employing him or had retained him after their discovery of such fact, prior to his assaulting plaintiff, he failed to sustain his cause of action. We conceive this contention to be meritorious, as presenting a claim coming within the rule of pleading without proof.

We have, for the reasons stated, been led to conclude that the instruction given was clearly improper and prejudicial in failing to require the jury to find either that the assaulting porter was at the time an employee of the appellants, or that the appellants · had negligently and wrongfully employed him, which they deny, when knowing his unfitness for the position, thus exposing their guest to the vicious propensities of this negro when becoming intoxicated, as was alleged to be his custom.

In view of our having reached this conclusion sustaining the appellants' objection to the criticised instruction, mainly argued by appellants, we will not extend the opinion by a detailed discussion of their further assignments of error, such matters not here expressly decided being reserved without opinion for later determination.

The judgment is therefore reversed, and the cause remanded for a new trial consistent with this opinion.