## Babb et al. v. Crescent Amusement Co. et al.

(Decided Dec. 1, 1936.)

JOHN L. STOUT for appellants.

RODES & WILLCOCK for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Crescent Amusement Company operates a motion picture theater in the city of Bowling Green. About 8 p. m. February 3, 1936, Elmo Babb, a son of appellants, was killed by the accidental discharge of a pistol in the hands of Roy Jewell, an employee of the Crescent Amusement Company. The accident happened on the company's premises. The appellee Leslie H. Innes qualified as administrator of the estate of the decedent, and shortly thereafter signed a paper acknowledging the receipt of $150 from the Crescent Amusement Company, in full settlement of all claims against it arising out of the death of Elmo Babb. Thereafter Herbert Babb and Laura Babb, parents of the decedent, brought this action to set aside the settlement on the ground of fraud, and to recover damages in the sum of $10,000 for the death of their son. They alleged that their son, while a patron of the defendant corporation's theater, was shot and killed by one of its employees while in the discharge of his duties in taking up tickets and maintaining order; that the employee had armed himself with a loaded pistol, and that such fact was known to, or by the exercise of ordinary care could have been ascertained by, his employer, and that while in the discharge of his duties he negligently discharged the pistol, inflicting a wound on Elmo Babb which caused his death a few days later. The Crescent Amusement Company's answer contained a traverse, and affirmatively pleaded that Elmo Babb was killed accidentally in its theater while there not as a patron or guest, and without the fault of any of its agents or servants. It was also alleged in the answer that the plaintiffs and their counsel had settled their claim for $150 and had agreed to discharge the defendant from all liability after an investigation of the facts had been made, and that the settlement was made in good faith and as a compromise of the disputed question of liability for the death of the decedent, and was agreed to by the plaintiffs with

knowledge of all the facts and upon the advice of their counsel. The administrator filed an answer in which he alleged that the settlement was made in good faith. A reply completed the issues, and upon the trial before a jury the circuit court, at the conclusion of plaintiffs' evidence, sustained the defendants' motion for a directed verdict in their favor. The motion was sustained on the theory that Roy Jewell was not acting within the scope of his employment when the accident happened, and that his employer, therefore, was not liable for his negligent act.

The court, in passing on the motion, did not consider the issue raised by the pleadings as to the validity of the settlement. We think the evidence fails to show that the settlement was procured by fraud, but discussion of that question is unnecessary, since we have concluded that the ground on which the circuit court based its ruling is sound. Only three witnesses were introduced by the plaintiffs. Herbert Babb's testimony was chiefly directed to the circumstances surrounding the settlement. He was not in the theater when the accident happened, and he knew nothing concerning it. Jesse Ray merely testified that he was in the theater February 3, 1936, and saw Elmo Babb there. The witness left the theater shortly before the accident happened. The only witness who testified concerning the circumstances of the accident was Roy Jewell. He is a young negro about 21 years of age, and was employed by the Crescent Amusement Company as janitor. He assisted at times in taking up tickets in the section which was allotted to members of the colored race, and which was located in the balcony of the theater. At such times he was stationed at the head of the stairway leading to the balcony. He and the deceased had been friends and companions for many years, and the deceased frequently went to the theater and assisted Jewell in his work as janitor. Elmo Babb had been an employee of the Crescent Amusement Company at one time, and, according to Jewell, was permitted to attend the shows in the theater at any time without paying the admission fee. On the occasion in question, the deceased, as he was leaving the theater, asked Jewell for a cigarette. Jewell told him that he had left his cigarettes in the pocket of his overcoat which was in the furnace room, and that he would go and get him one. As he started to the furnace room, he remembered that he had left his pistol under

a rug on a window sill, or shelf, near the head of the steps, and he reached for it, intending to take it to the rear of the theater where he usually kept it, and, as he did so, it slipped and was accidentally discharged. He worked in the theater on Monday and Wednesday nights, and had been taking the pistol to the theater with him for three or four weeks. He always left it in the furnace room in the rear of the theater. He had no authority to maintain order, and it was not necessary for him, in the discharge of his duties, to have a pistol on or about his person or on his employer's premises. There is no proof that appellee had any knowledge of Jewell's habit of taking the pistol to the theater with him.

A theater is a place of public entertainment, and one who operates such a place of amusement must exercise reasonable care for the safety of his patrons, but he is not an insurer of the safety of their persons against injury. Waddel's Adm'r v. Brashear, 257 Ky. 390, 78 S. W. (2d) 31, 98 A. L. R. 553; Berberet v. Electric Park Amusement Co., 319 Mo. 275, 3 S. W. (2d) 1025, 61 A. L. R. 1269, and annotation. Where the injury complained of is caused by the negligent act of the servant of the proprietor or owner of a theater, such act, in order to render the employer liable, must have been committed in the master's business and within the scope of the servant's employment. The case of Creamer v. Kroger Grocery & Baking Co., 260 Ky. 544, 86 S. W. (2d) 288, is directly in point. There the employee, while engaged in horseplay with a customer in the store, flourished a pistol which was accidentally discharged. The bullet struck the customer, and he sued the owner of the store for damages for the injuries sustained by him. It was held that the employee was not acting within the scope of his employment at the time, and that the employer was not liable for his negligent act. So, in the instant case, the relationship of master and servant did not exist in respect to the act which caused the injury to Elmo Babb. Roy Jewell was employed to perform the duties of janitor, and to assist in taking up tickets. His duties did not authorize him to carry a pistol or to have one on his employer's premises. At the time the accident happened, he was in the act of leaving his place of duty, where he had been collecting tickets, to go to the furnace room to get a cigarette out of his overcoat pocket for the deceased. Theretofore

he had always left the pistol in his locker in the furnace room. As he started away, he remembered that he had left the pistol under a rug upon a shelf near the head of the stairway, and he reached for it, intending to take it with him and place it in his locker. This act was wholly outside his line of duty. He had stepped aside from his master's business, and was acting without the scope of his employment.

It follows that the trial court ruled correctly in sustaining appellees' motion for a directed verdict in their favor.

The judgment is affirmed.