## Sidebottom v. Aubrey.

(Decided Jan. 19, 1937.)

J. RIVERS WRIGHT and ANTON B. DREIDEL for appellant.

DAVIS, BOEHL, VISER & MARCUS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Clarence Sidebottom brought an action against Courtney Aubrey to recover damages in the sum of $10,150, for personal injuries allegedly sustained by him on January 7, 1934, in Aubrey's place of business. Aubrey was engaged in the restaurant and soft drink business in Louisville. At the conclusion of the plaintiff's evidence, the court sustained the defendant's motion for a directed verdict in his favor, and the propriety of that ruling is the sole queston presented on this appeal.

Plaintiff alleged in his petition that while he was a guest in the defendant's establishment he became intoxicated and fell into a stupor, and, while in this condition, another guest wantonly and maliciously injured him with the knowledge and approval of the defendant. The plaintiff testified that, accompanied by a friend, he went into the defendant's place of business on the night of January 7, 1934, and purchased two pints of liquor. They had been drinking before they left plaintiff's home. They sat at a table provided for guests and drank the liquor with the result, as expressed by the witness, "That is what finished it up, and I don't know no more after that. When I drank that, that was all of it." He was asked again what happened while he was there, and replied: "Well, I played cards awhile until it hit me, is all I know, and I went out—I passed out." He never regained consciousness until the following morning, when he found himself at home in bed. He then learned for the first time that his right foot had been severely burned. Leonard Thornsberry was the only witness introduced by the plaintiff who was present when his injury was received. He testified that a large crowd was present in defendant's place of business; that plaintiff entered in an intoxicated condition, drank some whisky, and fell asleep. One of the men present rubbed something on plaintiff's foot and then set it on fire with a match. The defendant was in the room at the time, but was busy waiting on customers, and the witness was unable to state that he saw the transaction.

Concerning the conduct of the other guests, the plaintiff was asked the following questions and made the following answers:

"Q. What was the condition prevailing at that time in respect to whether it was noisy? A. Noisy and going on is about all I know,—cutting up and going on.

"Q. Up to the time you last remember, state whether or not there were any boisterous or rowdy persons about? A. Well, cutting up, and a whole lot of noise and rallying around, and I passed out then."

Appellant insists that the foregoing evidence was sufficient to take the case to the jury. It was the duty of the appellee to exercise ordinary care for the safety of his patrons, but he was not an insurer of their safety. This rule applies to proprietors of places of public amusement, innkeepers, storekeepers, and others who invite the public onto their premises. What constitutes ordinary care varies with the nature of the business and the use to whch the premises are put, but it is a care commensurate with the particular circumstances involved in the given case. Ledington v. Williams, 257 Ky. 599, 78 S. W. (2d) 790; Waddel's Adm'r v. Brashear, 257 Ky. 390, 78 S. W. (2d) 31, 98 A. L. R. 553; Babb v. Crescent Amusement Co., 266 Ky. 382, 99 S. W. (2d) 199; River Excursion Co. v. Kuntz, 244 Ky. 587, 51 S. W. (2d) 911; Park Circuit & Realty Co. v. Ringo's Guardian, 242 Ky. 255, 46 S. W. (2d) 106; Noonan v. Sheridan, 230 Ky. 162, 18 S. W. (2d) 976; Bruner v. Seelbach Hotel Co., 133 Ky. 41, 117 S. W. 373, 19 Ann. Cas. 217. It is not the high degree of care imposed upon a common carrier. Ledington v. Williams, supra; Rahmel v. Lehndorff, 142 Cal. 681, 76 P. 659, 65 L. R. A. 88, 100 Am. St. Rep. 154. The rule is stated thus in 14 R. C. L. p. 508:

"A proprietor of any public house of entertainment may be answerable for the act of one of his patrons as well as of his servant. He owes a duty to those that come to his place to protect them from insult and other annoyances or dangers. But by the great preponderance of authority, this duty is not absolute but is limited to the exercise of reasonable care, and the proprietor is liable only when he is

negligent. He is guilty of negligence if he admits to his place, or permits to remain there, as a guest, a person of known violent and disorderly propensities, who will probably assault or otherwise maltreat his guests; and for the consequence of such negligence he may be liable in damages. But the plain ground of his liability in such case would be his negligence in harboring persons dangerous to the peace and comfort of those for whose comfort he is bound to provide. And if he stands by while a guest is exposed to the violence of a person who has been made dangerous by his fault, and sees an injury inflicted without any effort to prevent it, he may be regarded as particeps criminis.''

Since the defendant was not an insurer of the safety of the plaintiff, it was necessary to show either that he knew one of his patrons was about to injure the plaintiff and he failed to exercise ordinary care to prevent such injury, or that the conduct of some of the persons present was such as would lead a reasonably prudent person to believe that they might injure other guests. There is no evidence that the defendant knew one of his patrons was about to injure the plaintiff by burning his foot, and the mere fact that some of the patrons were boisterous did not warrant the presumption that one of them would be guilty of such brutality.

In addition to a number of cases involving the duty of a common carrier to protect its passengers from injury, appellant cites and relies upon Rommel v. Schambacher, 120 Pa. 579, 11 A. 779, 6 Am. St. Rep. 732; Curran v. Olson, 88 Minn. 307, 92 N. W. 1124, 60 L. R. A. 733, 97 Am. St. Rep. 517; and Gurren v. Casperson, 147 Wash. 257, 265 P. 472. In Rommel v. Schambacher, the plaintiff, while in a tavern, was injured by another guest. The other guest pinned a piece of paper to the plaintiff's coat, and then set fire to the paper. The act was committed in the presence of the proprietor of the tavern, who saw the transaction and knew, or should have known, that an assault on the plaintiff was about to be made, and took no steps to prevent it. In Curran v. Olson, the plaintiff was injured in the defendant's saloon by one of defendant's servants, who poured alcohol on the plaintiff's foot while he was asleep and then set it on fire. The defendant's agent, who was in charge of the business, was present and made no effort to pre-

vent the assault. It was also shown that he knew of other similar acts of brutality which had been committed by the same servant. In Gurren v. Casperson, the proprietor of a hotel was held liable for an assault made on a guest by another guest who was intoxicated, but it appeared that he had notice that the intoxicated guest had been annoying the plaintiff, and that his conduct indicated the possibility of such an assault. No such facts appear in the present case, and we conclude that the trial court did not err in peremptorily instructing the jury to find for the defendant.

The judgment is affirmed.