## Tyson et ux. v. Plymouth Country Club

*Robert Trucksess*, for plaintiff.
*High, Dettra & Swartz*, for defendant.

CORSON, J., January 14, 1941.—Plaintiffs in the present case brought suit to recover for damage sustained as the result of the wife plaintiff's dress having caught fire in the barroom of the defendant club, as a result of the negligent lighting of a cigarette by a person who was standing at the bar next to Mrs. Tyson, and who is described in the statement of claim as "a minor, a nonmember of the club, and a person of known intemperate habits who was

visibly under the influence of intoxicating liquor and to whom defendant corporation sold intoxicating liquor while under such condition".

Plaintiffs apparently seek to recover upon two grounds. The first is under the provisions of the Act of May 8, 1854, P. L. 663, sec. 3, which provides:

"Any person furnishing intoxicating drinks to any other person in violation of any existing law, or of the provisions of this act, shall be held civilly responsible for any injury to person or property in consequence of such furnishing, and any one aggrieved may recover full damages against such person so furnishing, by action on the case, instituted in any court having jurisdiction of such form of action in this Commonwealth."

This act is in effect today. See Lang v. Casey et ux., 326 Pa. 193 (1937). In the Lang case the court said, at page 194:

"It was not disputed that the act of furnishing intoxicating drinks to a person who is intoxicated or of known intemperate habits renders the one supplying the liquor liable for the proximate results thereof, and the recipient is not guilty of contributory negligence by accepting and consuming the intoxicant."

The second contention of plaintiff is based upon the common-law rule which imposes certain liabilities upon an innkeeper to exercise reasonable care to prevent personal injuries to guests of the inn. See Rommel v. Schambacher, 120 Pa. 579 (1887). Plaintiffs contend that this innkeeper's liability extends to all places where liquor is sold.

To the statement of claim plaintiff has filed an affidavit of defense raising questions of law in the nature of a demurrer.

The first reason alleges failure upon the part of plaintiffs to set forth the name of the minor whose lighted cigarette or match was the cause of the wife plaintiff's dress catching fire. Defendant contends that, since the statute of limitations has expired, to allow an amendment setting

forth the name of the minor in question would set up a new cause of action or would make defendant liable to pay damages to plaintiff after having lost the right to recover against the unnamed minor.

The suit was started some days before the expiration of two years after the alleged occurrence, and the statement of claim was filed two days before the expiration of the statutory period. Defendant does not base its contention upon the procedural acts and rules of court allowing additional defendants to be brought upon the record, but contends that since the minor was not named in the statement of claim it would seriously prejudice defendant to allow the name to be brought into the statement by amendment. With this contention we cannot agree. We do not feel that such a contention can be raised upon demurrer.

Defendant has furnished the court with a most able brief, but we feel that the cases cited are to be distinguished from the case at bar. Plaintiffs' substantive rights to bring their suit within two years cannot be affected by any rights which defendant may have to bring another party upon the record as a codefendant, or by defendant's right to bring suit against a joint tortfeasor for contribution. If defendant and the minor are held to be joint tortfeasors, then plaintiffs had the right to sue either. We feel that defendant has the right to know the name of the alleged minor, but that such name may be supplied through an amendment to the present statement or the filing of a supplemental statement giving the information.

The second question of law contends that, since plaintiffs have failed to name the person serving the drinks to the alleged minor, similarly defendant is prejudiced by being prevented from bringing suit against the employe or agent illegally selling the liquor to the minor. While the statement of claim is rather general, yet it is a fair inference that the person selling the liquor was the bartender working at the bar in front of which plain-

tiffs and the minor were standing. If the present suit were in assumpsit and the suit were based upon an alleged contract made with an officer of defendant corporation, defendant's point would be much stronger, but where a suit is brought in trespass the doctrine of respondeat superior applies not only to officers of the corporation but to employes as well. Where a railroad company is sued for damages resulting from the alleged negligence of an engineer, plaintiffs are not required to give the name of such engineer. Where a train is involved in an accident, the railroad is able to tell what employes were in charge of the train. Similarly, defendant should be able to tell who was representing defendant behind the bar in the sale of alcoholic beverages on the night named in the statement.

The third, fourth, fifth, sixth, seventh, and eighth reasons are based generally upon the contention that the statement does not allege negligence upon the part of an employe of the club, and that the superseding causes of the injuries to plaintiffs were the acts of the unnamed minor and not the acts of defendant's employe. These questions of law also allege that the burning of the wife plaintiff's dress was not the proximate result of any act upon the part of defendant and that the action of the minor was not foreseeable by the bartender. Under the Act of 1854, supra, the liability is not based upon an allegation of negligence by defendant's agents, but upon a liability arising from the unlawful sale of intoxicating liquor. In Rommel v. Schambacher, supra, the court allowed a recovery where someone in the barroom intentionally pinned a piece of paper upon another person in the barroom and set fire to such paper. Defendant seeks to distinguish that case from the present one because of the fact that the act in the Rommel case was intentional, while the act of the minor in the present case is alleged to have been negligent only. We feel, however, that where liquor is sold to an intoxicated person it might well be found that such intoxicated person is more liable to cause injury negligently to others than to do so intentionally.

The ninth objection alleges vagueness in the statement of claim. The main complaint seems to be the failure of plaintiffs to name the minor to whom the liquor was alleged to have been sold, but an examination of paragraph 5 of the statement discloses that, while plaintiffs allege the illegal sale to the minor and the intoxication of the minor, plaintiffs do not directly allege minor's negligent act resulted from the illegal sale of liquor by defendant to the minor. However, it is a fair assumption from the statement of claim as a whole that plaintiffs do so contend, and we do not feel that the statement is so vague as to justify a decision in favor of defendant upon the present affidavit in the nature of a demurrer.

The tenth objection alleges that the "alleged negligence of defendant as averred in the statement of claim consists of illegal acts deliberately and wilfully performed by the servants, agents, or employes of defendant and defendant is not liable for such acts . . . as such acts are outside the scope of their employment." This objection was not pressed at the argument and is without merit. The sale of liquor was within the scope of the bartender's employment, and if he did so unlawfully it may create a liability against the employer under the Act of 1854, supra.

The eleventh objection alleges that the statement on its face shows that the injuries to plaintiffs were caused by a "nonmember of the club" and that, therefore, no liability can arise, because defendant had no right to control the acts of a nonmember of the club. This objection was also not pressed and is without merit. The nonmember was in the club barroom and was subject to the control of the club irrespective of whether or not he was a member. If a common-law duty required the club to protect its bar customers, this liability extended to protection of nonmembers as well as members of the club.

While defendant's brief is most interesting and ingenious, yet we do not feel that the court can find, as a matter of law, that this case should be decided upon a

demurrer to the statement of claim. We feel, however, that plaintiffs should file a supplemental statement of claim giving the name of the alleged minor.

We, therefore, enter the following order:

And now, January 14, 1941, plaintiffs are directed to file, within 15 days after notice of the handing down of this opinion, a supplemental statement of claim giving the name of the "minor, nonmember of the club", mentioned in the statement of claim. If this is done the questions of law will be decided in favor of plaintiffs. If such supplemental statement is not filed defendant may bring such fact to the attention of the court, and upon motion a further order will be made.