**CARSON et ux. v. JOHN R. THOMPSON CO.**

Civ. A. 2358.

United States District Court
W. D. Kentucky. Louisville.

May 8, 1953.

Newton C. Churchill, Louisville, Ky., for the plaintiff.

William Mellor, Louisville, Ky., for the defendant.

SHELBOURNE, Chief Judge.

The plaintiffs, Georgia M. Carson and her husband Arch Carson on April 4, 1952, filed this action against the defendant John R. Thompson Company, a corporation created under the laws of the State of Illinois and engaged in operating a restaurant and cafeteria in Louisville, Kentucky.

Suit was filed in the Jefferson Circuit Court.

Plaintiffs sought to recover an aggregate of $20,198.83 on account of personal injuries sustained by Mrs. Carson on November 3, 1951, when she entered Thompson's restaurant at 462 South Fourth Street in Louisville at about 5:30 P.M., for the purpose of procuring food.

She alleged that after entering the restaurant, she had proceeded from the front door towards the food counter, a distance of approximately 25 feet, at which point she fell, on account of slipping on some greasy and slippery foreign matter, alleged to have been negligently permitted to remain on the floor of the restaurant.

She sustained a broken arm, contusions and injuries from which she alleged she suffered great pain, resulting in the expenditure for Doctors and medical bills in the amount of $198.83 and permanently impairing her earning power and earnings, for which she sought to recover $17,698.83.

Her husband, Arch Carson, sought to recover $2,500 on account of his loss of consortium.

Seasonably the action was removed to this Court, because of the diversity of citizenship and the case was tried to the Court without a jury, on January 28, 1953.

Findings of Fact.

1. From the testimony herein, it appears that plaintiff Georgia M. Carson and her husband Arch Carson are each citizens and residents of the Western District of Kentucky.

2. Defendant, John R. Thompson Company, is a corporation created under the laws of the State of Illinois and a resident of the State of Illinois and doing business within the Western District of Kentucky, and on the third day of November 1951, the

defendant was operating Thompson's restaurant as a cafeteria at 462 South Fourth Street, Louisville, Kentucky.

3. On the last named date, plaintiff Georgia M. Carson, as a customer and patron of the restaurant, entered defendant's building at 462 South Fourth Street, and after having proceeded toward the food counter a distance of approximately twenty-five feet from the entrance or door, she slipped on a grayish, tan-colored substance on the tile floor and fell, sustaining in the fall a broken right arm and bruises on and about her body.

4. The injuries so sustained were painful and the plaintiff expended in hospital services and Doctor bills and medicines $201.23 and her injuries permanently impaired the use of her right arm and hand.

5. As a result of his Wife's injuries, plaintiff, Arch Carson, suffered the loss of consortium of his wife.

6. There is not in the evidence in this case testimony showing directly, or from which it can be inferred, as to how the substance on the floor on which plaintiff Georgia M. Carson slipped got on the floor and no testimony showing the length of time it had been upon the floor when Mrs. Carson slipped thereon and fell. There is no testimony that any employee at defendant's restaurant saw the substance on the floor or knew that it was on the floor prior to her fall.

The Court makes the following—

## Conclusions of Law

I. The plaintiff Georgia M. Carson was an invitee when she entered the restaurant on the occasion in question and the defendant owed her the duty to exercise ordinary care to render the premises reasonably safe. Majestic Theater Company v. Lutz, 210 Ky. 92, 275 S.W. 16; Sidebottom v. Aubrey, 267 Ky. 45, 101 S.W.2d 212.

II. It was the duty of the defendant in maintaining its restaurant to maintain same in a safe condition and if the defendant had actual or constructive knowledge of the dangerous condition created by the slick and slippery substance on the floor suffi-

ciently long prior to the plaintiff's fall, it would be liable. Lyle v. Megerle, 270 Ky. 227, 109 S.W.2d 598.

III. The doctrine of Res Ipsa Loquitur is not applicable to the facts in this case. Dalton v. Steiden Stores, 277 Ky. 179, 126 S.W.2d 155.

Defendant John R. Thompson Company is not an insurer of the safety of its customers. The extent of its obligation is to exercise ordinary care to maintain its premises in a reasonably safe condition.

The plaintiff's contention that the circumstances of this case require the defendant to exercise "extra ordinary care" is rejected. Plaintiff's Counsel does not favor the Court with a definition of "extra ordinary care". The Court has been unable to find such definition.

In the case of Louisville & N. Railroad Company v. O'Brien, 163 Ky. 538, 174 S.W. 31, 33, a passenger to whom the railroad company owed the unusual degree of care, slipped on a banana peel while alighting from the steps of the train. The Court said—

> "Conceding that it is the duty of a railroad company to inspect its trains, it is not bound to keep up a continuous inspection, or to know at each moment the condition of every part of the train."

To the same effect is Woolworth Company v. Brown, 258 Ky. 29, 79 S.W.2d 362; Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S.W.2d 786.

There being in this case a dearth of evidence showing that defendant knew of the presence of the substance on the floor which caused Mrs. Carson's fall and there being no evidence that the substance had been on the floor a sufficient length of time prior to her fall to warrant the inference that the defendant in the exercise of ordinary care could have discovered the substance on the floor, plaintiff's case must fail. There is no showing of negligence.

Accordingly, the Court concludes that the petition should be dismissed and an order to that effect is this day entered.