RICHARD C. WATERMAN *vs.* THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE.

Worcester. April 4, 1935. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Negligence,* Invited person, Of one owning or controlling real estate, Athletic stand.

One, who was admitted to an athletic stand for a consideration to watch a game and who was injured during the game when a board in a portion of the stand which he obviously was not invited to use gave way under him, could not recover for such injuries in an action of tort against the one owning and controlling the stand where there was nothing to show that the defendant should have anticipated that the plaintiff would use that portion of the stand or would be forced into it by the action of the crowd at the game.

TORT.   Writ dated May 5, 1930.

The action was tried in the Superior Court before *Collins,* J.  Material evidence is stated in the opinion.  Subject to leave reserved, a verdict for the plaintiff in the sum of $2,875 was recorded.  Thereafter the judge ordered entered a verdict for the defendant.  The plaintiff alleged exceptions.

*F. P. Ryan,* for the plaintiff.

*S. B. Milton,* for the defendant.

LUMMUS, J.   On November 16, 1929, the plaintiff was admitted, upon a ticket bought by him, to a football game at the Harvard Stadium, which was owned and controlled by the defendant.  The seats in the part of the stadium in which he sat were benches made of wooden planks.  Each bench was considerably higher than the one in front, so that all might see the game.  The plaintiff's seat was on the topmost bench.  His feet rested on a plank reserved for walking, between his bench and the one in front.  Behind him, at a distance of eighteen inches from the rear of his bench, was the cement rear wall of the stadium.  Fastened to that wall, at a distance below the top of the topmost bench variously estimated from six inches to twenty-two inches, was a ledger board not more than a foot wide, running along the wall, and inclined downward from it.

During an exciting incident in the game, the crowd stood up, the plaintiff stood on the bench on which he had been sitting, the people in front of him pushed him backwards, and he stepped back on the ledger board.  The ledger board gave way.  He fell, straddling a supporting beam, and was hurt.

On these facts, the verdict for the defendant was rightly entered.  Obviously the plaintiff was not invited to make use of the open space behind his bench.  The defendant was not required to anticipate that he would do so.  *Stern* v. *Swartz,* 283 Mass. 436.  Neither was it required to anticipate that he would stand on the bench, and thus make it possible for him to be forced back into the open space.  Moreover, there was no evidence that the defendant had any reason to anticipate that the crowd would become disorderly and surge against the plaintiff.  *Alward* v.

*Boston Elevated Railway,* 250 Mass. 244. *Dullea* v. *Boston
Elevated Railway,* 251 Mass. 56. *Boyd* v. *Boston Elevated
Railway,* 264 Mass. 364. *Parker* v. *Boston Elevated Rail-
way,* 273 Mass. 345.

*Exceptions overruled.*