Laverne Cigan, Minor, by Agnes Cigan, Her Mother and Next Friend, Plaintiff. Laverne Klostermann, Appellee, v. Arcadia Garden Corporation and A. A. Sprague, Trustee, Defendants. Arcadia Garden Corporation, Appellant.

Gen. No. 42,626.

Opinion filed May 19, 1944. Rehearing denied June 13, 1944.

LORD, BISSELL & KADYK, of Chicago, for appellant; LEONARD F. MARTIN, EDWARD S. CROWELL and GUY C. BALTZ, all of Chicago, of counsel.

THOMAS H. RILEY, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.
This is a personal injury action arising from an accident on defendant's roller skating rink. Defendant Sprague, trustee, was dismissed on plaintiff's motion at the close of her case. Verdict and judgment in the amount of $3,000 were for Plaintiff Laverne Klostermann. Defendant appeals.

About 8 p. m. Saturday, March 2, 1940, plaintiff, then about 16 years of age, and several friends, paid for admission and entered defendant's roller skating rink, where they commenced to skate about ten minutes later. Sometime around 10 o'clock they decided to leave and plaintiff, while skating to the exit off the rink proper, was pushed against the railing, fell to the floor and was painfully injured.

The complaint charges that defendant was negligent in permitting the rink to become dangerous through overcrowding; and in maintaining a weak railing, which "crashed when plaintiff was thrown against it, and it resulted in her being thrown against the post and sustaining injuries, . . ." There is no proof that the railing was weak or that it had crashed. The proof is to the contrary. There is testimony that plaintiff was pushed against the railing and into a post and injured, and also testimony purporting to show an overcrowding. If the testimony of overcrowding warranted the case going to the jury, we believe the allegation is sufficient to support a proper verdict.

The testimony for plaintiff is that at first only 50 persons were skating, but that the crowd gradually grew until plaintiff and her friends decided to leave because it was too crowded for enjoyment, fun, or "skating with speed," or "to skate right"; that there was not an "arm's reach"; that "persons were all about," they "could not move as there wasn't any room" and "they were pushed around with no place to go"; that there was an "overflow crowd" and the "whole rink was really jammed"; and that they had been there several times before and on Saturday nights, but the rink was never so crowded. This may have been sufficient testimony to take the case to the jury, if "overcrowding" alone was evidence of negligence. That is the issue here.

Plaintiff neither alleged nor proved that she was injured as a result of some danger, beyond the normal dangers incident to roller skating with other invitees in an indoor rink, which arose from the overcrowding and which defendant, as a reasonably prudent person should have foreseen and, accordingly, it cannot be found negligent. *Shayne v. Coliseum Bldg. Corp.*, 270 Ill. App. 547; *Thurber v. Skouras Theatres Corp.*, 112 N. J. L. 385, 170 Atl. 863; *Kallish v. American Base Ball Club of Philadelphia*, 138 Pa. Super. Ct. 602, 10 A. (2d) 831; *Lemoine v. Springfield Hockey Ass'n, Inc.*, 307 Mass. 102, 29 N. E. (2d) 716. In the cases mainly relied upon by plaintiff, *Chicago & A. R. Co. v. Dumpser*, 60 Ill. App. 93; *International & G. N. R. Co. v. Williams* (Tex. Civ. App.), 50 S. W. 732, both overcrowded common carrier cases and *Myers v. Kansas City Junior Orpheum Co.* (Kan. App.), 73 S. W. (2d) 313, an overcrowded theatre lobby case, there is proof from which it is evident that the defendant had notice and should have foreseen the dangerous consequences of overcrowding. We think it is evident from a perusal of the testimony of overcrowding hereinabove, that defendant had no notice on the night of

the accident or previously of any unusual danger, from which it, as a reasonably prudent person, should have foreseen, that a person while attempting to skate off the rink would suffer the accident or injury that followed. The trial court, therefore, should have directed a verdict for defendant.

Under the circumstances it is unnecessary to consider any other points. For the reasons given the judgment is reversed.

*Judgment reversed.*

HEBEL, P. J., and BURKE, J., concur.