# Phoenix Amusement Co. v. White.

January 20, 1948.

William B. Ardery, Judge.

William T. Baldwin, Stoll, Muir, Townsend, Park & Mohney for appellant.

Raymond Connell for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Reversing.

Appellee, Mrs. Elizabeth White, recovered judgment against appellant, Phoenix Amusement Company, in the sum of $800 for personal injuries averred to have been received when she was pushed through emergency exit doors by reason of appellant's alleged negligence in permitting its theater to be overcrowded and in permitting the exit doors to be unfastened and to open directly upon a flight of stairs, instead of opening upon a platform or landing as required by Safety Regulations prescribed by the Director of Insurance. Appellant in asking that the judgment be reversed insists: 1. It was entitled to a directed verdict. 2. The instructions are erroneous. 3. The verdict is excessive. 4. It was entitled to a continuance on account of an absent witness. 5. The jury should have been discharged when appellee testified a representative of an insurance company took a statement from her.

On February 3, 1946, Mrs. White, accompanied by her young son, attended appellant's theater in Paris about 3 o'clock in the afternoon. The house was crowded and upon being unable to obtain a seat, she with a couple of friends, Mrs. McCann and Mrs. Myers, stood in the rear in a place usually occupied by patrons unable to obtain seats. Mrs. White and the other two

ladies were standing in the far end of this space near emergency exit double doors leading from a side aisle onto Eighth Street. While this theater was on the ground floor, these exit doors were not flush with Eighth Street, but opened upon a flight of stairs consisting of five steps leading to the sidewalk, instead of opening upon a landing as required by Safety Regulations sec. 800(11) prescribed by the Director of Insurance under KRS 227.060.

These exit doors were of an approved type known as "panic doors" which open when sufficient pressure is applied. There is no evidence that these doors were unbolted or unfastened when the theater opened at 12:45 P. M., that day, or when they became unbolted, or that the company had notice that they were in that condition.

The evidence is not clear as to just what caused Mrs. White to fall through the exit door. Nobody pushed or shoved her. It appears that some person touched Mrs. White, and her two companions, Mrs. Myers and Mrs. McCann, moved in the direction of the doors and Mrs. White stepped back against one of the doors which opened and she fell through it onto Eighth Street, which she testified caused her to receive painful injuries.

The rule is that while proprietors of places of public entertainment must exercise ordinary care, commensurate with the use to which the premises are put, they are not insurers of their patrons' safety. Babb v. Crescent Amusement Co., 266 Ky. 382, 99 S. W. 2d 199; Sidebottom v. Aubrey, 267 Ky. 45, 101 S. W. 2d 212; Annotations 98 A. L. R. 557. The law places no duty on proprietors of amusement places to prevent overcrowding of their premises but it only requires them to guard against danger likely to arise therefrom. Thurber v. Skouras Theatres Corp., 112 N. J. L., 385, 170 A. 863; Klish v. Alaskan Amusement Co., 153 Kan. 93, 109 P. 2d 75; Prigden v. S. H. Kress Co., 213 N. C. 541, 196 S. E. 821.

There might have been an overcrowding of the theater, but the evidence does not show the crowd was shoving, or was boisterous or disorderly in any manner

so as to give the proprietor of appellant, or any of its employees, notice on this occasion that injuries might befall any of its patrons by reason of the overcrowded condition of the house. We think the testimony in this record clearly shows that no prudent person could have foreseen that Mrs. White, as the result of the overcrowded condition of the theater, would suffer the accident which happened to her. It was not incumbent upon appellant to anticipate that the crowd might injure Mrs. White or any of its patrons. Cigan v. Arcade Garden Corp., 323 Ill. App. 170, 55 N. E. 2d 290; Waterman v. Harvard College, 290 Mass. 535, 195 N. E. 717.

Nor was appellant negligent in having emergency exit doors which would open upon pressure being applied to them. There is no evidence in the record that these doors were improperly constructed or installed. They appear to have been of the usual and ordinary character of emergency exit doors required by the Safety Regulations for theaters, as prescribed by the Director of the Division of Insurance in conformity with KRS 227.060. The record shows that these doors were properly closed or bolted when the theater opened for business at 12:45 o'clock on the afternoon of the accident, and there is nothing in the evidence to show who unbolted or unfastened the doors or that it occurred soon enough before the accident to impute notice to the proprietor or employees of the company; hence, the unbolted condition of these doors was not due to any negligence upon the part of the company. Kidd v. Modern Amusement Co. 252 Ky. 386, 67 S. W. 2d 466.

But appellant was negligent in having these exit doors open directly onto a flight of stairs instead of a landing as provided in the Safety Regulations mentioned above. Had these double doors opened upon a landing of the size required by the Safety Regulations, it is reasonable to infer that Mrs. White would not have fallen down the steps onto the sidewalk when she went through one of these double doors. Appellant argues that the regulation prescribing that the exit doors open upon a landing and not directly on a stairs was promulgated for the purpose of protecting patrons of theaters from hazards caused by fire or panic and as Mrs. White's injuries did not result from a fire or panic,

the company is not liable for violating the regulations, citing 38 Am. Jur. sec. 163, p. 834.

It is true that to afford a cause of action in favor of one injured as a result of a violation of a statute or ordinance, or a regulation made in conformity thereto, the plaintiff's injury must have been such as the statute, ordinance or regulation was intended to prevent. But it is not reasonable to say that the exit doors required by Safety Regulation sec. 800(11) are only for use of patrons in case of fire or panic. It is common knowledge that such doors are customarily used by patrons desiring to pass easily or quickly from the theater after the performance, and by patrons who by choice or necessity must leave the theater in a hurry. Could it with reason be said that if this theater had no steps leading from these exit doors and the same were three or four feet above the level of the sidewalk and a patron fell or was pushed through the doors, that the company would not be liable because the exit was not being used in case of fire or panic? Obviously not. Likewise, the company may not be relieved of its liability from failing to comply with the Safety Regulations, requiring the exit doors to open upon a landing, merely because at the time Mrs. White was pushed or fell through them, there was no fire or panic from which she sought refuge.

It is our conclusion that the court should have submitted to the jury the question of whether or not appellant's failure to have the exit doors open out upon a landing, as required by the Safety Regulations, was the proximate cause of Mrs. White's injuries; therefore, it was not entitled to a directed verdict.

We find merit in appellant's contention that the second instruction was prejudicial to it. This instruction told the jury, in substance, to find for plaintiff if the exit doors were not securely fastened and she was crowded or shoved through same and fell down the steps leading therefrom and was injured. We have just seen that there was no evidence of negligence upon the part of appellant relative to the crowded condition of the theater or as to the condition of the doors at the time of the accident. Appellant's negligence consisted of its failure to maintain a landing (the length and width of which are not less than the width of the exit

doors) upon which the exit doors shall open. The amended answer admits the Safety Regulations as set out in the amended petition required such a landing, therefore the only question relative to appellant's negligence to be submitted to the jury was whether or not its failure to have the exit doors to open upon this landing was the direct and proximate cause of Mrs. White's injuries.

If the evidence is substantially the same upon another trial, the court will omit the first instruction given on the former trial and in lieu thereof give one to this effect:

"The Court instructs the jury that it was the duty of the defendant to provide. a landing between its exit doors and the stairs leading to the street, the length and width of which landing are not to be less than the width of said doors. If you believe from the evidence that the negligent failure of defendant to provide such a landing for said doors to open out upon was the direct and proximate cause of plaintiff's injuries, if any, then the law is for the plaintiff and you will so find; but unless you so believe, you will find for the defendant."

Then will follow the instructions given on the former trial covering contributory negligence, the measure of damages, the definitions of "negligence" and of "ordinary care," and how the jury may make a verdict.

As we do not know what verdict may be returned upon a second trial, it is not necessary for us to determine whether or not the former verdict of $800 is excessive. The chances are that the absent witness, Mrs. Myers, will be present upon the next trial, hence we do not determine whether or not appellant was entitled to a continuance on account of her absence on the first trial. Nor do we decide whether or not it was error for the court to have overruled appellant's motion to discharge the jury when Mrs. White referred to the man who took a statement from her as being a representative of an insurance company. If reference be made to this man on another trial, appellant will not refer to him as a representative of the theater, because he was not acting in that capacity when he took Mrs. White's state-

ment. Nor will appellee refer to him as a representative of the insurance company. It will suffice merely to refer to him by name, Mr. Mentalhoff.

The judgment is reversed for proceedings consistent with this opinion.