## Phoenix Amusement Co. v. White.

March 18, 1949.

762

Stoll, Keenon & Park for appellant.

Raymond Connell for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

Appellee sued appellant to recover damages for personal injuries suffered when she fell through an exit door and down some steps at appellant's theatre. This is a second appeal, and the facts are fully set out in Phoenix Amusement Company v. White, 306 Ky. 361, 208 S.W.2d 64. After a second trial, the jury awarded appellee $1,712.50. Appellant contends the judgment is erroneous for several reasons, which will be briefly discussed.

Appellant insists it was entitled to a continuance because of the absence of three subpoenaed witnesses. Two of these had testified at the former trial, and their evidence was read to the jury. A statement by the other was also read to the jury. Since there was little dispute in this case with regard to the facts of the accident, and this was the only matter about which these three wit-

nesses could testify, we cannot comprehend how their actual physical presence at the trial would have added anything to appellant's case. The trial court did not abuse its discretion in refusing a continuance.

Appellant next argues there was no proof that the condition of the steps outside the exit door was the proximate cause of appellee's injury. On the first trial the case was tried on the theory appellant had violated a safety regulation of the Division of Insurance, which required a landing on steps leading away from exit doors. On the second trial it appeared this particular regulation was not in effect at the time the accident occurred, but another regulation requiring exit doors to be on the same level as the street was in effect and was violated by appellant. It is appellant's theory its failure to comply created only a condition but was not the cause of the accident. To state this proposition is to answer it, and it was answered in our opinion on the first appeal. The question of proximate cause was the only issue in the case on the question of liability, and it was properly submitted to the jury.

Objection is made to Instruction No. 1 given by the Court. This instruction is identical with the one we directed to be given in our former opinion, except for the reference to a different regulation which was violated. Objection is also made that the Court failed to particularly define appellant's duties. The instructions given amply covered this phase of the case.

Appellant offered an instruction which directed the jury to find for it if the action of another patron, or patrons, was the sole cause of appellee's fall. The Court properly refused to give this instruction because the evidence did not justify it, and the other instructions required the jury to find for appellant unless its negligence was the direct and proximate cause of appellee's injuries.

The last contention is that the damages are excessive. Apparently appellee had a hard fall. She did not break any bones, but received several severe bruises and claims to have hurt her shoulder and her spine. She says she was confined at home for three or four weeks in bed, suffered from nervousness and headaches, and lost substantial weight after the accident. Part of the time she wears a brace on one of her legs, which she

stated was made necessary because of the injuries she suffered in this accident. No physicians testified concerning her injuries, although she apparently consulted, and was treated by, several of them. According to her testimony, she incurred medical expenses because of the accident amounting to $212.50.

While appellee's case would have been better supported if she had introduced medical testimony, and while we think the allowance of $1,500.00 for pain and suffering was liberal, this verdict does not shock us nor does it appear to have been the result of passion, or prejudice on the part of the jury.

For the reasons stated, the judgment is affirmed.