Damon NAPPER et al., Appellants,

v.

KENWOOD DRIVE–IN THEATRE COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1958.

Henry A. Triplett, Louisville, for appellants.

E. R. Gentry, Louisville, for appellee.

STANLEY, Commissioner.

This is a suit by two young men and a thirteen year old boy, appellants herein, seeking damages in large sums from the appellee, Kenwood Drive-In Theatre Company, for personal injuries sustained by assaults by a group of young men at the appellee's outdoor theatre. The theory of the alleged liability is that the appellee negligently allowed the premises to become disorderly and knowingly permitted "dangerous and disorderly patrons to remain on the premises," and these persons had assaulted and injured the plaintiffs. The case was submitted to the court on the defendant's motion for a summary judgment, which it was agreed should be considered as a motion for a directed verdict on the question of the defendant's liability. The court sustained the motion and dismissed the complaint. The plaintiffs appeal.

The depositions and affidavits upon which the decision rests show that after watching the picture for awhile, the plaintiffs went to a concession stand for some refreshments. There was a group of boys outside the stand, one of whom asked the younger boy, Ronald Fowler, something about "where my eagle was," and then took off his hat and threw it to the ground. When one of the older men remonstrated, the group started a fight and assaulted the three with their fists. The fight was stopped by an usher, and the boys who started it left the grounds.

█ It is not shown that there had been any disorder and disturbance on the premises before this occurrence. The claim of the defendant's liability rests upon (1) the answer of Ronald Fowler to a question whether he had seen any of the group of boys before the fight started, that "they were kind of smarting off in the concession stand," and (2) a statement by the vice president of the defendant company, who happened to be there that night, made after the melee. The statement is: "These boys have been bothering girls all night; they were looking for boys with leather jackets and they have been causing trouble before." It is contended this constituted an admission of implied notice of a condition which imposed liability on the defendant for negligently failing to prevent the assault on the plaintiffs. For the purpose of the decision, the trial court, of course, disregarded the emphatic denial of the defendant's officer that he made such statement.

█ It is, of course, recognized that a proprietor of a theatre or other place of amusement has the legal duty to use reasonable care to protect his patrons from harm; and if he knows of activities or conduct of other patrons or third persons which would lead a reasonably prudent person to believe or anticipate that injury to a patron might be caused, it is the proprietor's duty to stop such conduct, if he reasonably can. If he does not, he is liable for resulting injuries. Of course, what constitutes ordinary care or reasonable foreseeability varies with the particular circumstances. It is proportionate to the danger to be apprehended. The mere fact that some of the patrons are boisterous does not alone warrant the belief that they may likely physically attack other patrons. Sidebottom v. Aubrey, 267 Ky. 45, 101 S.W.2d 212; Phoenix Amusement Co. v. White, 306 Ky. 361, 208 S.W.2d 65; 86 C.J.S. Theaters & Shows § 41(c). For a compendium of the pertinent cases, see Annotation, "Liability of owner or operator of theatre or other amusement for assault on patron by another patron," 29 A.L.R.2d 911. The case to which the annotation is appended, Rawson v. Massachusetts Operating Co., 328 Mass. 558, 105 N.E.2d 220, 29 A.L.R.2d 907, is of the class of our present case, but different in the respect that in the Massachusetts case there was evidence that several youngsters had been engaged in rowdy conduct among themselves for an hour and a half before the time when one of them suddenly struck

a patron who remonstrated with them for disturbing the enjoyment of the show. The court held the evidence sufficient to support a verdict for the plaintiff, based upon a finding that the defendant was remiss in failing to discover and stop the persistent disturbances by the rowdy patrons, and that it was to be reasonably anticipated that another patron might undertake to do so and this might result in his being assaulted. The present assault was committed outside the theatre proper, although still on the premises. There was no evidence in this record of previous conduct that should have placed the management on notice of the likelihood of a personal assault being committed upon another patron. We agree with the circuit court that no liability was established, for there was an absence of evidence of reasonable knowledge or reasonable anticipation that the group of boys who had been "smarting" around or, as said by the officer of the defendant company, "had been bothering some girls and were looking for boys in leather jackets," would pick a fight with the plaintiffs, who were not wearing leather jackets.

The judgment is accordingly affirmed.