ALLENDRO PIERACCINI and UMBERTO PIERACCINI,
Individually and d/b/a Rainbow Rollerdrome,

*v.*

FRANCES CRENSHAW and GORDON CRENSHAW.

(*Nashville*, December Term, 1958.)

Opinion filed January 23, 1959.

Petition of rehearing denied March 12, 1959.

CHIAPELLA, KIRKPATRICK, RHODES & WATSON, Memphis, for plaintiffs in error.

LEO BEARMAN and JOHN COWAN, Memphis, for defendants in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

In this case the respondent, Frances Crenshaw, brought suit for negligence against the petitioners for injuries

sustained as a result of falling while on the premises of the petitioners.

At the close of respondent's proof a directed verdict was given in favor of the petitioners. The Court of Appeals reversed and held that the case should have been submitted to the jury. We granted *certiorari*.

The case presents this situation: The petitioners operate a skating rink and in so doing provided a waste receptacle up against the wall in the lobby between the entrance and the skating area, and it appears that there was nothing wrong with the waste receptable and it does not appear that there have been any other prior accidents as a result of this urn being placed there. Of course, the purpose of placing the receptable against the wall was to afford a place in the rink for casting of cigarette butts, chewing gum and other litter. Had this urn not been placed there, this litter would be thrown upon the floor of the lobby and provide a dangerous floor for the patrons to walk upon.

It appears that on the evening this plaintiff was injured, she was supervising a group of children and brought them to the skating rink to skate for the evening. It appears that the respondent, Frances Crenshaw, was an excellent skater, and the children had been skating at the rink for about two and one-half hours prior to this accident.

It appears that it is not unusual for patrons to fall while skating at a skating rink, and members of this party had done so during the evening, and it is not unusual for one skater to get bumped by another skater.

The respondent, when it was time for the party to go home, left the skating area and went outside the iron railing upon the raised floor and was standing in the vicinity of the dressing room about five feet from one of the urns, with her skates on, when she was bumped from behind by another patron, as a result of which she fell and struck her face upon the urn.

The skating area, a large oval in the center of the premises, is surrounded by an iron railing. There are four openings in this iron railing encircling the skating area providing places for persons to enter and to leave the skating area. Outside the iron railing there is a raised floor between the railing and the exterior walls that is about 15 feet wide. Along these walls are placed benches and urns, and it appears that this area is well lighted, and everything is clearly visible. The urns provided as waste receptacles are made of concrete, are about 20 inches high, and are filled with sand and weigh about 200 to 300 pounds.

The proof shows that this urn was against the wall and outside the skating area and the cause of the injury was that some one bumped into the plaintiff and threw her against the urn. From the above we cannot see that there is any negligence on the part of this skating rink.

■ A concrete urn such as the one in the present case is a usual and ordinary accessory placed in the lobbies of theaters and places of amusement. *Legler v. Kenning-ton-Saenger Theatres, Inc.*, 5 Cir., 172 F.2d 982.

■ For proof to constitute evidence that the physical condition of the premises creates an unreasonable risk of harm, some defect, or at least something unusual must

be shown about the condition. *Illinois Central R. Co. v. Nichols,* 173 Tenn. 602, 118 S.W.2d 213.

■ Then, too, a patron of a skating rink assumes the usual and ordinary hazards incurred in the sport of skating. *Reay v. Reorganization Investment Co.,* Mo.App., 224 S.W.2d 580; *Cigan v. Arcadia Garden Corp.,* 323 Ill.App. 170, 55 N.E.2d 290.

■ The operator of a skating rink is not responsible for injuries to a patron, who is caused to fall by being bumped by another patron, unless it appears that the patron was acting in a manner creating an unreasonable risk of harm to the other patrons and that the operator, or owner had been put on notice of the conduct. *Reay v. Reorganization Investment Co., supra; Cigan v. Arcadia Garden Corp., supra.* See also Annotation 20 A.L.R.2d, page 1 *et seq.*

■ The record in this case shows that the operator of a skating rink had placed this urn in a reasonably safe place and was really for the benefit of the patrons, and there is no proof of any negligence on the part of the operators.

The above being our view of the case it is unnecessary for us to pass upon the question of the proximate cause of the injuries alleged to have been suffered herein.

This being true the trial judge was correct in directing a verdict for the defendant.

It results that the judgment of the Court of Appeals will be reversed and that the trial court dismissing the suit affirmed.