Hershel A. McKINLEY et al., Appellants,

v.

DANVILLE MOTORS, INCORPORATED,
Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1963.

As Modified on Denial of Rehearing
Feb. 7, 1964.

Donald Harkins, James C. Begley, Danville, for appellants.

James F. Clay, Pierce Lively, Danville, for appellee.

CLAY, Commissioner.

Appellant plaintiffs brought suit for personal property damage caused by a fire which admittedly originated in appellee defendant's garage and burned an adjoining building. The jury returned a verdict for defendant. The principal contention on this appeal is that plaintiffs were entitled to a directed verdict (the defendant introduced no proof) on the ground defendant was negligent as a matter of law because it violated certain safety standards promulgated by the Insurance Commissioner. The trial court ruled that these safety standards did not apply to the acts of defendant's employee which allegedly started the fire.

Defendant's employee, inside its garage, had placed a truck upon a wheel alignment rack for the purpose of servicing it. After doing so he discovered a slow dripping leak in the gasoline tank. The employee placed a drain pan beneath the leak and loosened the plug to permit the gasoline to flow more freely. As he started

to unscrew the plug by hand he noticed a blue flame just above the floor a few feet away. This started the fire that caused plaintiffs' damage.

It cannot be disputed that the presence of gasoline fumes constituted the condition which made the fire possible, although the source of the igniting spark is not known.

In 1955 the Insurance Commissioner had promulgated certain rules and regulations under the authority of KRS 227.300. Quite lengthy, they were designed to set up reasonable standards for the protection of life and property from common fire hazards. The pertinent provisions of these regulations which defendant allegedly violated relate to the handling of flammable liquids. Assuming, for the purposes of this case, that these regulations have the force and effect of law (Linkhous v. Darch, Ky., 323 S.W.2d 850) and that a violation thereof would constitute negligence as a matter of law (Phoenix Amusement Co. v. White, 306 Ky. 361, 208 S.W.2d 64), it is our opinion the trial court properly ruled they had no application to the method of handling the gasoline by defendant's employee.

Section 1413 is the particular regulation the plaintiffs invoke. It relates to *use* and *dispensing* of flammable liquids. This section, when read with other sections of the regulations, generally pertains to commercial or industrial establishments which handle flammable liquids as a commodity or as a part of a process in the usual course of business. Subsection 2(a) provides that flammable liquids shall be "used" only in particular types of buildings or rooms. Defendant's employee was not *using* this gasoline.

Subsection 3 is titled "Dispensing". It provides that flammable liquids shall not be "drawn from" or "dispensed" into certain types of vessels under certain conditions except by special means. It is apparent this subsection relates to the transfer of flammable liquids from a supply source designed for dispensing such liquids to other containers as a normal operation. A gaso-

line pump at a filling station perfectly fits this regulation.

Defendant's employee was not using or dispensing gasoline as a part of some commercial or industrial operation. He was confronted with an emergency situation which he undertook to rectify by draining a tank in order to repair it. A jury may have found him negligent in adopting this particular method, but his conduct under these unusual circumstances was not within the scope of the specific safety regulations. The trial court properly ruled upon this issue.

■ It is next contended the court improperly permitted the defendant to exhibit a muffler to plaintiffs' expert witness for the purpose of showing that it may have somehow caused the fire. (Defendant's attorneys failed in their brief to answer this and other arguments in plaintiffs' brief. It imposes an undue burden on this Court when opposing counsel does not reply to a substantial and explicit argument of the adverse party.) The line of questioning about this muffler related to certain holes in it which the expert witness indicated might possibly have some causal connection with this fire. We are unable to understand how this muffler, holes or no holes, or any muffler, had anything to do with the question of liability. The ultimate issue was whether defendant's employee negligently created the condition which constituted a fire hazard. It was immaterial from what source the gasoline fumes were ignited. Therefore, even if questions concerning this muffler were improper, they could have had no prejudicial effect.

Plaintiffs' contentions with respect to the instructions have been answered in the earlier part of this opinion.

■ Plaintiffs finally contend the trial court improperly sustained an objection to a question asked plaintiffs' expert witness concerning the use of a "safety can". While we believe this question was proper, its rejection could not have been

prejudicial because the witness had substantially answered the question previously, and it is common knowledge that vapor is less likely to escape from a closed can than from an open one.

We find no errors justifying reversal of this judgment.

The judgment is affirmed.