EVA AGANS, Plaintiff-Appellee, *v.* ELLAMAE SHOWALTER, d/b/a Grand Roller Rink *et al.*, Defendants-Appellants.

Third District    No. 80-130

Opinion filed January 30, 1981.

Roger L. Williamson, of West, Neale & Williamson, of Galesburg, for appellant Ellamae Showalter.

Robert H. Jennetten, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellant Wes England.

James R. Standard, of Standard & Tenold, of Monmouth, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by Ellamae Showalter and Wes England, the two defendants in a personal injury suit brought by plaintiff, Eva Agans. Mrs. Agans fell and was injured while she was roller skating at the Grand Roller Rink in Galesburg, Illinois. Defendant England, 16 years old at the time of the accident, was also a skater at the rink. Defendant Showalter is owner-operator of the Grand.

While both plaintiff and England were skating around the rink's main floor, there was a collision involving both plaintiff and England. That collision resulted in both parties falling and in Mrs. Agans injuring her wrist. In response to that incident Mrs. Agans brought an action charging defendant England with one count of negligence and one count of wilful and wanton conduct and charging defendant Showalter with negligence in protecting patrons.

In the trial court, the jury returned a verdict for defendants and

against Mrs. Agans on all counts. Subsequently, the trial judge granted plaintiff's motion for judgment notwithstanding the verdict, entered judgment against both defendants and ordered a new trial on the issue of damages alone. Both defendants appeal from the judgment in favor of Mrs. Agans. Presented for review are the propriety of the trial court's entering judgment *n.o.v.* and whether the trial court should have granted a new trial on the issue of damages when plaintiff did not request same in her post-trial motion.

Based upon an examination of the trial record and both oral and written arguments, we believe that the trial court should not have set aside the jury's verdict. It is necessary, therefore, that we review only that preliminary issue.

*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, is the clear Illinois authority on the entering of judgment notwithstanding the verdict. Both plaintiff and defendants cite its rule: "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." Applying the *Pedrick* rule to this case, judgment *n.o.v.* was entered properly only if the totality of the evidence so overwhelmingly established (1) that defendant England's conduct was both negligent and wilful and wanton; and (2) that defendant Showalter's operation of the roller rink was negligent, that no verdict against plaintiff could ever stand.

The trial record contains conflicting evidence on the specific circumstances of the accident. The following facts are undisputed. On the afternoon of the incident, April 20, 1975, defendant England, an experienced skater, was skating at the Grand Roller Rink. England was already skating when plaintiff and the rest of her party joined the small crowd of approximately 30 at the rink. Defendant Showalter had posted at the rink rules against fast or reckless skating and was strict about enforcing the rules. Defendant also employed a floor manager to supervise skaters' conduct. At the time of the incident, Jeff Hensley, who had served since 1971 as a floor manager for plaintiff, was working on the skating floor as floor manager. The accident occurred when defendant England bumped into another skater. Both he and plaintiff fell to the ground and plaintiff suffered injury to her wrist.

There is conflicting evidence in the remainder of the record. According to defendant England's account, immediately preceding the accident he was skating backwards and was under control at a moderate speed. As he approached the site of the accident, England claimed that he looked over his right shoulder to see if anyone was in his path. He then was bumped. After he was bumped, England claimed he moved to his left

and bumped into another person, the identity of whom he was not sure. He tried to keep his balance but fell to the floor. Plaintiff fell during that same set of collisions.

Plaintiff and her witnesses presented testimony that they had observed England before the accident. They noticed his high-speed skating and weaving. Randy Ray, a witness 12 years old at the time of the accident, testified that England was skating forwards when England struck plaintiff on her left side, knocking her to the floor. Another witness, Cindy Eaves, testified that approximately one week after the accident, England laughingly told the story of how, although he had not meant to do so, he had hit and knocked down a woman skating at the rink.

There are similarly competing reports of information which relate to plaintiff's charge of negligence by defendant Showalter. Defendant Showalter's floor managing employee, Hensley, testified that while he was on the skating floor immediately before the accident, he did not see anyone skating in a dangerous manner. Plaintiff argues that Hensley simply did not fulfill his responsibility to safeguard skating patrons.

Hensley did testify that he had been talking from time to time during the skating session. Plaintiff argues that merely because of Hensley's lack of attention to the skating floor, Hensley did not observe or respond to what was reckless skating by England. Hensley, however, testified that he considered defendant England an accomplished skater, therefore capable of skating faster than an unaccomplished skater. He also testified that he did not consider England a discipline problem.

After hearing the testimony presented to them the jury found that defendant England had not acted wilfully or wantonly; neither had he violated the child's standard of care and acted negligently. The child's standard against which England's conduct correctly was measured requires that England's conduct was reasonably careful for a child of his age, mental capacity and experience. *Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1969), 42 Ill. 2d 103, 245 N.E.2d 762.

The jury also found that defendant Showalter had met her duty to protect patrons from dangers beyond the normal dangers incident to roller skating and of which she knew or had reason to know. *Cigan v. Arcadia Garden Corp.* (1944), 323 Ill. App. 170, 55 N.E.2d 290; *Shayne v. Coliseum Building Corp.* (1933), 270 Ill. App. 547.

Although the evidence is not unequivocally favorable to either defendant, we believe that neither is it so overwhelmingly supportive of both defendants' liability that there was no fact question for the jury. It is specifically the jury's responsibility to observe and listen to witnesses and to assess contradictory evidence. The adequacy of attention paid by defendant Showalter's employee Hensley, as well as the specific nature of defendant England's skating and collision, present from each of the three

counts questions of fact for the jury. The jury was correctly instructed and resolved those questions against the plaintiff and in favor of the defendants on all counts. We find that the totality of evidence in this case, when viewed in its aspect most favorable to defendants England and Showalter, was not so overwhelmingly in favor of plaintiff that any of those verdicts could not stand. *Pedrick v. Peoria & Eastern R.R. Co.*

The trial court, therefore, erred in entering judgment *n.o.v.* Accordingly, we reverse the judgment of the trial court with directions to reinstate the jury's verdict on all three counts.

Reversed and remanded with directions.

BARRY and STOUDER, JJ., concur.