Carolyn S. GRISHAM, et al., Plaintiffs,

v.

WAL–MART STORES, INC., et al., Defendants.

Civil Action No. 94–1.

United States District Court,
E.D. Kentucky,
Covington Division.

May 17, 1995.

Ruth H. Baxter, Crawford, Baxter & James, Carrollton, KY, for Plaintiffs.

Richard H.C. Clay, Woodward, Hobson & Fulton, Louisville, KY, for Defendants.

## ORDER AND OPINION

BERTELSMAN, Chief Judge.

The Judgment of this court has been affirmed upon this Opinion and Order by the United States Court of Appeals for the Sixth Circuit on June 17, 1996, and is being refiled for publication purposes only.

### INTRODUCTION

Plaintiffs filed this action alleging that defendants negligently maintained their premises resulting in a shooting injury to Mrs. Grisham. This matter is before the court on defendants' motion for summary judgment (Doc. No. 27), plaintiffs' response thereto (Doc. No. 66), and defendants' reply (Doc. No. 74). Oral argument on the motion was held on May 10, 1995. For the reasons set forth below, defendants' motion is granted.

### FACTUAL BACKGROUND

Around 9:00 or 9:30 p.m., on Saturday, December 5, 1992, plaintiffs exited defendants' Florence, Kentucky store after doing some Christmas shopping. After placing their purchases in the trunk, Mr. Grisham started the car while Mrs. Grisham returned the shopping cart. When Mrs. Grisham reached the trunk of the car, a woman who Mrs. Grisham had previously noticed both in the store and walking through the parking lot, approached her and demanded her jewelry. The assailant pointed a gun at Mrs. Grisham's heart. Mrs. Grisham instinctively pushed the gun away; the assailant pulled the trigger, shooting Mrs. Grisham in the hand and shattering her kneecap.

Wal–Mart did not provide any private security in its parking lot. Florence police officers patrolled the lot in marked cars five

to ten times a day. Earl J. White Depo. at 42. The only Wal–Mart employees who were visible in the parking lot were employees selling Christmas trees near the front of the store and employees who periodically collected shopping carts. The parking lot was lit well enough that Mrs. Grisham clearly saw her assailant prior to the attack by the light of the lamp post.

No prior assaults had occurred at the Florence Wal–Mart. Wal–Mart did not investigate or analyze "crime data" from other retail stores in the Florence area, nor was it aware of criminal activity in the area. Plaintiffs submitted statistics through the report of their expert witness, Ralph Witherspoon, allegedly establishing that the Florence area experienced a higher per capita rate of robberies than Erlanger, the Commonwealth of Kentucky, and the Cincinnati metropolitan area. In addition, Witherspoon reported that between 1990 and 1992, Florence experienced a 55% increase in robberies and a 314% increase in aggravated assaults, compared with a 5% and 7% increase, respectively, nationwide. Furthermore, Witherspoon recounted crimes reported in area newspapers during the 1991 Christmas season. *See* Plaintiffs' Supplemental Disclosure Statement, Doc. No. 44. Although the statistics and other information were relied on by Witherspoon, the underlying data was not submitted with the report.

Plaintiffs also presented the deposition testimony of Earl J. White, a Florence Police officer who investigated the Grisham shooting. He testified that several businesses in the Florence area hired private security guards or off-duty police officers to patrol their property. White Depo. at 7. In addition, he stated that Boone and Florence counties jointly hired ten additional officers for the holiday season. *Id.* at 16. White concluded that it was possible, but not probable, that Mrs. Grisham would not have been assaulted if Wal–Mart hired security personnel to patrol its lot to deter criminal activity. *Id.* at 38.

Plaintiffs also presented the deposition testimony of James C. Livingood, a retired state police officer. Livingood testified regarding measures that were taken by area businesses to provide private security. He could not state, however, whether security was obtained before or after the Grisham assault. Livingood Depo. at 20. In addition, Livingood prepared a breakdown of robberies and assaults by month from figures obtained from the "uniform crime reporting book" which contains figures for crimes within a county, city or state. *Id.* at 10. He stated that three robberies were reported in December, 1991, one of which involved a gun and two which were categorized as "strong arm" robberies, which did not involve a weapon. *Id.* at 11. One of the robberies occurred on the highway, the other two at commercial facilities. *Id.* at 16. Livingood could not identify which of these robberies involved the use of a gun, nor could he identify the type of retail establishments that were robbed. *Id.* at 17.

Livingood further testified that in December, 1992, two robberies were reported, one of which occurred on the highway and the other at a gas station. *Id.* at 17. In addition, nine assaults were reported. *Id.* The Grisham assault was the only one involving a gun. Livingood had no personal knowledge of the types of locations at which the assaults occurred, but stated that Officer White had informed him that the Grisham assault was the only one that occurred at a store. *Id.* at 18.

## ANALYSIS

1. **Wal–Mart Did Not Owe Plaintiffs a Duty to Protect Against the Criminal Acts of Third Parties.**

■ ] In order to maintain a cause of action based on negligence, a plaintiff is required to establish: (1) a duty on the part of the defendant; (2) a breach of the duty; and (3) a causal connection between the breach and an injury suffered by the plaintiff. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992). With regard to establishing a duty, " '[t]he rule [in Kentucky] is that every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury.' " *Waldon v. Housing Auth. of Paducah*, 854 S.W.2d 777, 778 (Ky.App.1991) (quoting

*Grayson Fraternal Order Of Eagles, Aerie 3738, v. Claywell,* 736 S.W.2d 328 (Ky.1987)).

Wal–Mart argues that it had no duty to protect Mrs. Grisham from the criminal acts of third parties. Although Kentucky case law is sparse on the circumstances under which a business owner will be liable for failing to protect customers from criminal activity, Kentucky courts have "reject[ed] any all-inclusive general rule that ... 'criminal acts of third parties ... relieve the negligent party from liability.'" *Britton v. Wooten,* 817 S.W.2d 443, 449 (Ky.1991).[1] As the court stated in *Britton,* "[s]o far as the scope of duty ... is concerned, it should make no difference whether the intervening actor is negligent or intentional or criminal. Even criminal conduct by others is often reasonably to be anticipated." *Id.* (citation omitted).

In *Napper v. Kenwood Drive-in Theatre Co.,* 310 S.W.2d 270, 271 (Ky.1958), the court set forth the general proposition that a drive-in theater owner had a legal duty to use reasonable care to protect its patrons from harm. The court employed a foreseeability test in examining whether the owner was under a duty to protect a patron from an attack by another patron. The court stated:

> [I]f he knows of activities or conduct of other patrons or third persons which would lead a reasonably prudent person to believe or anticipate that injury to a patron might be caused, it is the proprietor's duty to stop such conduct, if he reasonably can. If he does not, he is liable for resulting injuries. Of course, what constitutes ordinary care or reasonable foreseeability varies with the particular circumstances. It is proportionate to the danger to be apprehended.

*Id.* at 271; *see also Waldon,* 854 S.W.2d at 779 ("Even an intervening criminal act does not relieve one for his liability for his or her negligent acts or omissions, where the crimi-

nal act is a reasonably foreseeable consequence of the defendant's negligent act.").

In addition to examining the foreseeability of criminal conduct, the *Napper* court examined the similarity between the conduct which could have been foreseen from prior conduct with events as they actually occurred. The plaintiffs presented evidence that a group of boys had been bothering some girls and were looking for boys in leather jackets. They subsequently engaged in a fight with the plaintiffs, who were male and were not wearing leather jackets. Under the facts of the case, the court concluded that the attack of the plaintiffs could not have reasonably been foreseen by the defendants.

The foreseeability of criminal conduct was also relied on in *Waldon v. Housing Authority of Paducah,* 854 S.W.2d 777 (Ky.App. 1991), to hold a defendant landowner liable for failing to take action to protect a tenant who was shot and killed. The court noted that the landowner was aware that the decedent, as well as other tenants, were repeatedly threatened by the assailant. Further, the assailant was living at the apartment complex and the defendant took no steps to evict him from the premises. The resultant injury, a violent assault, was the very type of criminal act that was reasonably foreseeable.

In this matter, it is conceded that no violent incidents occurred on Wal–Mart's premises prior to the attack on Mrs. Grisham. Plaintiffs, therefore, rely on criminal activity in the Florence area in an attempt to demonstrate that the attack on Mrs. Grisham was reasonably foreseeable. There is a split of authority regarding whether a plaintiff must demonstrate that criminal conduct occurred on the defendant's premises or whether it is sufficient that a significant amount of criminal activity had occurred in the general area of the defendant's business.[2] The court con-

---

1. Kentucky has adopted Restatement (Second) of Torts § 302(b) which states: "An act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal." *Britton,* 817 S.W.2d at 451.

2. *Compare McClung v. Delta Square Ltd. Partnership,* 1995 WL 30595, at *3 (Tenn.App.1995), *following Cornpropst v. Sloan,* 528 S.W.2d 188 (Tenn.1975) (although past criminal acts may make neighborhood more dangerous, they do not put defendant on notice that acts are about to occur; criminal conditions in vicinity of defendant's premises irrelevant to defendant's liabili-

cludes, however, that it is not necessary to determine whether same premises or general vicinity is the appropriate standard because, under either analysis, the assault on Mrs. Grisham was not reasonably foreseeable.

■ Plaintiffs first· rely on their expert's review of parking lot robberies which occurred during the 1991 Christmas season. Witherspoon reported that four robberies occurred. Only one of these robberies, however, took place within five miles of Wal–Mart. Although no bright lines have been drawn regarding the number ·and frequency of criminal incidents that will give rise to a duty, case law from other jurisdictions indicates that neither a single incident nor sporadic incidents are sufficient to establish foreseeability. *C.S. v. Sophir*, 220 Neb. 51, 368 N.W.2d 444, 446 (1985) (single act did not make criminal acts foreseeable); *Garner v. McGinty*, 771 S.W.2d 242, 248 (Tex.App. 1989) (single burglary at shopping center three months previously would not make robbery foreseeable); *Sawyer v. Carter*, 71 N.C.App. 556, 322 S.E.2d 813, 817 (1984), *review denied*, 313 N.C. 509, 329 S.E.2d 393 (1985) (occasional robberies of convenience stores and other businesses in the same general area did not establish foreseeability).

■ Furthermore, the testimony of White and Livingood is also insufficient to establish a duty on the part of Wal–Mart. The 1992 statistics on assaults testified to by Livingood cannot be considered by the court. Plaintiffs failed to demonstrate that any of the acts occurred prior to the assault on Mrs. Grisham and, therefore, the data is not relevant to the issue of foreseeability. *Sawyer*, 322 S.E.2d at 815. In addition, plaintiffs have failed to establish that the 1991 incidents were sufficiently similar to the attack on Mrs. Grisham to demonstrate foreseeability. *Napper*, 310 S.W.2d at 271–72 (need

similarity between prior conduct and events as they occur); *J.C. Penney Co. v. Spivey*, 215 Ga.App. 680, 452 S.E.2d 191, 192 (1994) (circumstances surrounding prior acts must be substantially similar to acts on which suit is predicated). Two of the 1991 robberies did not involve a weapon; one of the robberies occurred on the highway and the other two at unidentified business locations. Thus, the 1991 robberies would not make a shooting in a retail business parking lot a reasonably foreseeable event.

■ Plaintiffs' reliance on FBI crime statistics is equally unavailing to establish foreseeability. Plaintiffs have not presented anything other than bare statistics regarding an increase in robberies and assaults. It is impossible for the court to determine whether the crimes reported are sufficiently similar to the Grisham assault to give rise to a duty.

■ Finally, plaintiffs' argument that negligence is established by showing that other area businesses undertook security measures does not establish a duty on the part of Wal–Mart. Several courts have rejected the argument that negligence is established simply because other area businesses provide security. *McClung v. Delta Square Ltd. Partnership*, 1995· WL 30595, *4 (Tenn. App.1995), *reh'g denied* (June 20, 1995), *appeal granted in part* (Dec. 11, 1995); *Uihlein v. Albertson's, Inc.*, 282 Or. 631, 580 P.2d 1014, 1018 (1978). Furthermore, White and Livingood were not able to state whether security at the other locations was provided before or after the Grisham incident, the nature of the security provided, or the reason that security was obtained. It was clear from their testimony, however, that some of the businesses had only inside security and that the security was obtained in response to

ty), *reh'g denied* (June 20, 1995); *appeal granted in part* (Dec. 11, 1995); *Scott v. Watson*, 278 Md. 160, 359 A.2d 548, 554 (1976) (duty arises from knowledge of activities on landlord's premises, not from knowledge of general criminal activities in the neighborhood) *with Aaron v. Havens*, 758 S.W.2d 446, 447 (Mo.1988) (plaintiff need not prove prior criminal assaults on premises because negligence of landlord created risk realized); *Erichsen v. No–Frills Supermarkets*, 246

Neb. 238, 518 N.W.2d 116, 120 (1994) (criminal acts occurred on property and in contiguous area; court held that "[c]riminal acts that occur near the premises in question give notice of the risk that crime may travel to the premises of the business owner."); *Lyle v. Mladinich*, 584 So.2d 397, 399 (Miss.1991) (can consider criminal activity in general vicinity as well as on the premises). .

problems with teenagers rather than criminal assaults.

It is undisputed that a business owner is not an absolute insurer of its patron's safety. *Adkins v. Ashland Supermarkets, Inc.*, 569 S.W.2d 698, 699 (Ky.App.1978). To hold in this matter that Wal–Mart was under a duty to protect Mrs. Grisham from a criminal assault, absent prior similar incidents at Wal–Mart's facility or in the general area, would result in a conclusion that all business owners are held to a standard of insuring the safety of their patrons.

Therefore, the court being advised,

**IT IS ORDERED** that:

1. Defendants' motion for summary judgment (Doc. No. 27) is hereby **granted;**

2. The motions of the intervening plaintiff, Southeastern United, for attorney Renee Ray to appear pro hac vice (Doc. No. 49) and to supplement the record (Doc. No. 69) are hereby **denied** as moot;

3. Defendants' motion to continue starting date for trial (Doc. No. 62) and to strike plaintiffs' punitive damages instructions (Doc. No. 64) are hereby **denied** as moot;

4. A separate judgment shall enter concurrently herewith.