RENDERED:  JULY 2, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0679-MR

LEIGH ANN REEVES                                             APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.         HONORABLE LUCY ANNE VANMETER, JUDGE
ACTION NO. 18-CI-00206

WALMART, INC.; WAL-MART STORES, INC.;
WAL-MART ASSOCIATES, INC.;
WAL-MART REALTY COMPANY;
WAL-MART STORES, EAST, LIMITED PARTNERSHIP;
WAL-MART TRS, LLC; AND
WSE MANAGEMENT, LLC                                          APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  JONES, LAMBERT, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Leigh Ann Reeves appeals from an order granting summary judgment to Walmart, Inc., and others.[1]  The trial court held that Appellees had no duty to protect Appellant from an act of violence committed by a third party.  We believe the trial court erred by finding no duty; therefore, we reverse and remand for additional proceedings.

## FACTS AND PROCEDURAL HISTORY

On March 22, 2017, Appellant traveled to the Nicholasville Road Walmart store in Lexington, Kentucky.  After shopping in the store and returning to her car, she was attacked by two men and pulled from her vehicle.  She was beaten and robbed.  There were no security guards or other Walmart employees in the parking lot.  One of the attackers and the getaway driver were subsequently arrested.  On January 19, 2018, Appellant filed a complaint against Appellees alleging they were negligent in failing to keep the parking lot in a reasonably safe condition.

After some discovery, on February 3, 2020, Appellees moved for summary judgment.  Appellees argued that the attack was unforeseeable because there was no evidence of similar criminal conduct occurring at the store.  Appellant responded by arguing that genuine issues of material fact existed regarding the foreseeability of the crime.  She included exhibits showing statistical evidence

---

[1] We refer to Appellees collectively as "Walmart" herein.

regarding the crime in the area, reports from Walmart which described criminal incidents that had occurred at the store from 2014 to 2017, and Lexington police reports detailing criminal activity at that Walmart from 2011 to 2017.

A hearing on the motion was held on March 5, 2020.  On March 27, 2020, the trial court entered an order which granted Appellees' motion for summary judgment.  The court held that Appellant had "failed to prove that other alleged criminal acts at or near the Nicholasville Road Wal-Mart were of sufficient character and number to make this particular act reasonably foreseeable to Wal-Mart.  Wal-Mart owed [Appellant] no duty[.]"  The court dismissed Appellant's claims with prejudice.  This appeal followed.

## ANALYSIS

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.  . . .  "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."  Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances."  Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted).

On appeal, Appellant argues that the trial court erred by granting summary judgment because the issue of whether the attack was foreseeable is a question of fact that should be determined by a jury, not an issue of law to be determined by the trial court. Appellant relies heavily on *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013). Appellees argue there was no error and we should affirm.

> To recover under a claim of negligence in Kentucky, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached its duty, and (3) the breach proximately caused the plaintiff's damages. Whether the defendant owed a duty is a question of law for the court to decide. Whether the defendant breached its duty is generally a question of fact for the jury. The Kentucky Supreme Court has noted that the duty analysis is "essentially . . . a policy determination[,]" and "is but a conclusion of whether a plaintiff's interests are entitled to legal protection against the defendant's conduct."

*Lee v. Farmer's Rural Elec. Coop. Corp.*, 245 S.W.3d 209, 211-12 (Ky. App. 2007) (citations omitted).

> Kentucky courts recognize a "universal duty" of care under which "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." Furthermore, as general rule, all persons have duty to use ordinary care to prevent others from being injured as the result of their conduct. It is well established that an owner of a business must exercise ordinary care to protect its customers from injury.

*Kendall v. Godbey*, 537 S.W.3d 326, 331 (Ky. App. 2017) (citations omitted).

This includes protecting a customer from the reasonably foreseeable criminal

actions of a third party. *See Napper v. Kenwood Drive-In Theatre Co.*, 310 S.W.2d

270, 271 (Ky. 1958); *Waldon v. Housing Authority of Paducah*, 854 S.W.2d 777,

779 (Ky. App. 1991); *Grisham v. Wal-Mart Stores, Inc.*, 929 F. Supp. 1054, 1057

(E.D. Ky. 1995), *aff'd sub nom. Grisham v. Wal-Mart Properties, Inc.*, 89 F.3d 833

(6th Cir. 1996).

> In Kentucky, the scope and character of a
> defendant's duty is largely defined by the foreseeability
> of the injury: "[E]very person owes a duty to every other
> person to exercise ordinary care in his activities to
> prevent foreseeable injury. Even so, such
> a duty applies *only* if the injury is foreseeable."
> "[F]oreseeability is to be determined by viewing the facts
> as they reasonably appeared to the party charged with
> negligence, not as they appear based on hindsight."
>
> Foreseeability inquiries are often complicated by
> the tendency to confuse foreseeability and proximate
> cause. Whether a harm was foreseeable in the context of
> determining duty depends on the general foreseeability of
> such harm, not whether the specific mechanism of the
> harm could be foreseen. . . . In determining whether an
> injury was foreseeable, we look to whether a reasonable
> person in a defendant's position would recognize undue
> risk to another, not whether a reasonable person
> recognized the specific risk to the injured party.

*Lee*, 245 S.W.3d at 212-13 (citations omitted).

In the case of *Shelton*, 413 S.W.3d at 911-12, a premises liability case

concerning an open and obvious risk, the Kentucky Supreme Court moved away

from analyzing foreseeability as a matter of law when considering the duty aspect of negligence. The Court looked at foreseeability in terms of the breach of duty because it was more of a factual issue. Before *Shelton*, if a danger was open and obvious, courts would rule that a landowner owed no duty to warn another person of the danger or protect a person from the danger. *Id*. at 910. *Shelton* changed this and held that the open and obvious status of a danger was an issue to consider in the foreseeability analysis and was more appropriate in terms of addressing the breach prong of negligence. *Id*. at 911-12.

> Accordingly, an open-and-obvious condition does not eliminate a landowner's duty. Rather, in the event that the defendant is shielded from liability, it is because the defendant fulfilled its duty of care and nothing further is required. The obviousness of the condition is a "circumstance" to be factored under the standard of care. No liability is imposed when the defendant is deemed to have acted reasonably under the given circumstances. So a more precise statement of the law would be that a landowner's duty to exercise reasonable care or warn of or eliminate unreasonable dangers is not breached. "When courts say the defendant owed no duty, they usually mean only that the defendant owed no duty *that was breached* or that he owed no duty *that was relevant on the facts*." And without breach, there can be no negligence as a matter of law.

> We have reached this conclusion after carefully considering the role foreseeability plays in our jurisdiction's duty analysis. In previous open-and-obvious cases, because the question of duty is a question of law, we have also treated the foreseeability of harm as a question of law. As a result, especially when cases are before courts on motion for summary judgment, courts

are left in "the peculiar position . . . of deciding questions, as a matter of law, that are uniquely rooted in the facts and circumstances of a particular case and in the reasonability of the defendant's response to those facts and circumstances." Too often, in our opinion as a result of the factual nature of foreseeability, when deciding the duty issue, courts identify the existing duty in fact-specific statements. "An attempt to equate the concept of 'duty' with such specific details of conduct is unwise, because a fact-specific discussion of duty conflates the issue with the concepts of breach and causation."

In open-and-obvious cases, especially, complication often arises "because it is all too easy to confuse a finding for the defendant on the facts of a particular case with a rule of law for all cases"; and "[i]n some particular cases, the obviousness of danger is compelling, so that the court might take the case from the jury by directed verdict or summary judgment." Furthermore, a no-duty determination creates a perception that the plaintiff was contributorily negligent. As a result, the true reasoning behind the summary judgment—no breach by the defendant—is obfuscated.

In the present case, the no-duty determination supported by the lower courts gives the impression that "the court's decision is separate from and antecedent to the issue of negligence." "The extent of foreseeable risk" at the time of the defendant's alleged negligence "depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may make a dramatic change in how much risk is foreseeable. Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter." It is important to note that whether a duty of care exists is a wholly different and distinct concept from whether a standard of care, typically that of reasonable or ordinary care, is met or satisfied. One is a purely legal question, grounded in social policy, while the other is inherently fact-intensive,

-7-

grounded in common sense and conduct acceptable to the particular community. Accordingly, the foreseeability of the risk of harm should be a question normally left to the jury under the breach analysis. In doing so, the foreseeability of harm becomes a factor for the jury to determine what was required by the defendant in fulfilling the applicable standard of care.

*Id.* at 911-14 (footnotes and citations omitted) (emphasis in original).

Appellant argues that the courts of Kentucky should follow *Shelton* for all negligence cases and stop examining foreseeability as a matter of law when determining duty. Instead, Appellant claims *Shelton* requires that we examine foreseeability as a factual issue when determining breach of duty. Appellees argue that *Shelton* only applies to open and obvious cases and should not apply here. The trial court relied on a number of cases which held that foreseeability is to be considered when determining duty. Those cases also involved negligence actions arising from the criminal activity of a third party. All of those cases, however, were rendered before *Shelton*. Our research has found two cases concerning negligence actions arising from third-party criminal activity which were rendered after *Shelton*. Those cases are *Walker v. Ragurai, LLC*, No. 2019-CA-000052-MR, 2020 WL 1230640 (Ky. App. Mar. 13, 2020), and *Johnson v. Seagle Pizza, Inc.*, No. 2015-CA-000085-MR, 2016 WL 4410705 (Ky. App. Aug. 19, 2016). In both instances, this Court held that *Shelton* did not apply.

-8-

We have also found a number of negligence cases that were rendered after *Shelton* which hold that foreseeability is to be considered in relation to duty. Those cases are: *Caudill v. Verdure, LLC*, No. 2019-CA-000300-MR, 2020 WL 401807 (Ky. App. Jan. 24, 2020), *Beasley v. Kaelin*, No. 2017-CA-000924-MR, 2019 WL 4565545 (Ky. App. Sept. 20, 2019), *Marshall v. Compton*, No. 2018-CA-000899-MR, 2019 WL 2563010 (Ky. App. Jun. 21, 2019), and *Cornett v. Labreveux*, No. 2016-CA-000614-MR, 2017 WL 3328115 (Ky. App. Aug. 4, 2017). On the other hand, we have found two negligence cases rendered after *Shelton* that hold foreseeability is to be considered in determining breach. In addition, these two cases also discussed *Shelton* in relation to the foreseeability issue. Those two cases are: *Kendall v. Godbey*, 537 S.W.3d 326 (Ky. App. 2017), and *Greer v. Kaminkow*, 401 F. Supp. 3d 762 (E.D. Ky. 2019).

Our research has found no case from the Kentucky Supreme Court where it definitively held that the *Shelton* analysis should apply only to negligence cases that have an open and obvious component or to all negligence cases. The closest we could come is the case of *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288 (Ky. 2015). In *Carter*, a hotel guest slipped and fell on some ice outside of the hotel. The Court discussed *Shelton* and its application to man-made, open and obvious dangers, where the issue in *Carter* was a naturally occurring open and obvious danger. In dicta, the Court stated: "Although *Shelton* involved an indoor,

-9-

man-made hazard, its rule is generally applicable to all negligence cases." *Id.* at 297. Even though *Carter* also involved an open and obvious danger, it appears as though the Court was indicating that the *Shelton* analysis should apply to all negligence cases.

After examining *Shelton* and the cases cited above, we believe the Kentucky Supreme Court intended for all foreseeability analysis to be done when considering breach of duty. Foreseeability is no longer an issue of law to be considered exclusively by the court because it is an inherently fact intensive issue. Furthermore, the only published case from this Court we could find that addressed *Shelton* in terms of negligence cases that did not have an open and obvious component was *Kendall*, *supra*, and that case held that *Shelton* applied to other types of negligence cases.

## CONCLUSION

Based on the holdings of *Shelton*, *Carter*, and *Kendall*, we conclude that the trial court erred in finding that Appellees owed no duty to Appellant because the criminal activity was not foreseeable. The trial court in this case examined the foreseeability issue as a matter of law when it considered Appellees' duty. This was in error, and we must reverse and remand. Appellant was an invitee onto Appellees' property; therefore, Appellees owed to Appellant a "general duty of reasonable care, but also the more specific duty associated with

the landowner-invitee relationship.  This is as far as the duty analysis needs to go."

*Shelton*, 413 S.W.3d at 910.  Appellees had a duty to protect Appellant from foreseeable criminal activity because she was a customer in their store.  Appellant presented evidence of criminal activity at Walmart, although nothing identical to what occurred in this case.  On remand, the court must examine the evidence to determine if Appellant presented sufficient evidence to raise an issue of material fact for the jury regarding the foreseeability of the criminal activity.


ALL CONCUR.


BRIEFS FOR APPELLANT:

D. Seth Coomer
Lexington, Kentucky

BRIEF FOR APPELLEES:

Christopher R. Cashen
Catherine Stivers Bertram
Lexington, Kentucky